SAMUEL GONSALES, JACOB WOLFF and JOHN TURNER (who survived BENJAMIN BRINK) *quer.* in error *against* JACOB DEAVENS.

Awards are considered with less strictness than formerly, but they must be certain and final.

WRIT of error to Northampton county. It appeared by the record, that debt was brought on an arbitration bond, dated 6th June 1793, to perform an award, so as the same was made in writing before the 1st January then next. Plea *nul award*. Deavens the plaintiff below,

set forth in his replication, an award dated 5th October 1793, by which it appeared, that the arbitrators award as follows, to wit : " That the said S. G., J. W., J. T. and B. B. should pay to the said J. D. 812*l.* 2*s.* on the 4th June then next, and should execute to him a release of all actions before the 6th June 1793 ; on payment of which sum, the said J. D. should likewise execute to them a release of all actions before the 6th June 1793, and should also assign a bond given and executed by Manuel Gonsales and Johannes Vannetten to Abraham Vankeuren, in the penalty of 184*l.* 15*s.* 10*d.*, conditioned for the payment of 92*l.* 7*s.* 5*d.*, dated 21st October 1772, and likewise a bond given and executed by the said Manuel Gonsales and Johannes Vannetten to Peter Helm,in the penalty of 250*l*, conditioned for the payment of 125*l.*, dated 8th October 1772, and also the eight following receipts paid by him to Abraham Hasbrouk, on account of the said Manuel Gonsales and Johannes Vanuetten's bond and mortage, to wit : one for, &c. &c. the said assignments to be to the use of the said S. G., J. W., J. T. and B. B., and to be at their own proper risk and costs ; and further, that the said J. D. should suffer the said S. G. J. W., J. T. and B. B., to take possession of three equal undivided seventh parts of a certain farm at Memacutting, whereon he then dwelled," &c.

The defendants below demurred to this replication, and the plaintiff joined in demurrer. In August term 1796, the demurrer was argued, and judgment was rendered for the then plaintiff in the Court of Common Pleas.

M. J. Ross for the plaintiffs in error, now insisted, that the arbitrators had exceeded their authority, and that their award was bad. It must be considered as a judgment, and can only be expounded by itself ; no matters *dehors* can be admitted to explain it. Bac. Abr. 139. An award, that a stranger shall d o an act is void, and not within the submission. *Ib.* 146. Hardr. 46. 1 Leon. 316, 3 Leon. 62. Awards must be mutual and for the benefit of both parties. 1 Rol. Ab. 253. 8 Co. 98. What beneficial interest can the plaintiffs in error derive from the assignment of the bonds made payable to Vankeuren and Helm, or of Deavens's receipts for moneys paid to a stranger, on account of the bond and morgtage executed by Manuel Gonsales and Johannes Vannetten ? It does not appear on the face of the award that Deavens had any claim legal or equitable to those bonds, and this defect cannot be supplied.

Mr. E. Tilghman *è contra*, contended, that the award was evidently mutual, because reciprocal releases were directed to be given. If on the face of the award itself it appeared, that Deavens had no claim, legal or equitable, to those bonds or receipts, there might be some color of controversy. But in fact, the contrary appeared, at least as to the receipts, which were specified to be for moneys paid by Deavens, and were connected with the two bonds. These he was awarded to assign over to the plaintiffs in error at their own proper risk and costs, which shows that he was only to transfer his equitable interest, such as it was, to them. But if even Deavens had no claim to the bonds, the award may be good in part, though void in part, if it makes a final end of the controversy between the parties. 2 Wils. 267, 293. Cor. Jac. 663.

By the court. Awards are now considered with greater latitude and less strictness than formerly. 1 Burr. 277. 1 Dall. 174. For the benefit of society critical niceties are discouraged. But they must have two properties, and be certain and final. We cannot presume any thing to overturn an award. 2 Atky. 505. And it is sufficient for the defendant in error, if we cannot collect from the award itself, considered as an instrument, that he had no claim whatever to the bonds and receipts, directed to be assigned over to the use of the now plaintiffs, at their risk and costs.

Let the judgment be affirmed.