# M'Cord *against* Scott.

An irregularity in a proceeding under the arbitration law must be taken advantage of within a reasonable time: it is too late after an execution has been issued, lands levied on, condemned and sold.

ERROR to the common pleas of *Dauphin* county.

This was an action of debt by Hugh Scott against Isaac M'Cord. The plaintiff entered a rule of reference on the 21st of August 1832, and gave a notice to the defendant to appear and choose arbitrators on the 6th of *August* 1832 : the defendant did not appear, and the arbitrators were chosen on the 6th of *September* 1832, and the time of meeting was fixed for the 2d of October 1832 : the defendant had notice that the arbitrators had been appointed, and of the time and place of their meeting, but he did not attend; and a report was made on that day against him for 289 dollars, which was filed, and a *fieri facias* was issued to November term 1832, upon which his lands were levied on, an inquisition was held, and they were condemned. A *venditioni exponas* was issued to January term 1833, which was returned "stayed by plaintiff." An *alias venditioni exponas* was issued to April term 1833, upon which part of the estate levied was sold. A *pluries venditioni exponas* was issued to August term 1833, upon which the residue of the estate was sold. A *capias ad satisfaciendum* was issued to November term 1833, which was returned "stayed by plaintiff." After this, the defendant moved the court to set aside the judgment and all subsequent proceedings, on the ground that the defendant had not notice of the time of choosing the arbitrators: this motion the court below (Blythe, president) refused, because of the delay in making the motion; this writ of error was then sued out.

*H. Alricks*, for plaintiff in error.
*Rawn*, for defendant in error.

[M'Cord v. Scott.]

The opinion of the Court was delivered by

Huston, J.—All courts were instituted to administer justice: all laws are enacted, and all rules of practice are made to effect the same purpose. If any thing is done contrary to, or differently from the direction of the laws or the rules of practice, and is objected to, the court in which the proceedings are, will do what is right and just, or what is wrong may generally be reversed on a writ of error. If the error is in practice, the application ought to be made to the court in which the proceedings are, and if not made there, and the proceedings go on, and the party knows of them and acquiesces for a long time, he cannot reverse for error; because all errors in the form of proceedings or of notice, may be waived, and are generally cured by acquiescing in subsequent proceedings.

At first this court decided, that the common pleas could not inquire into the regularity of proceedings under our arbitration law, but this court alone could inquire, and, if irregular, reverse. After long and full consideration, this court decided, that if any irregularity or illegality was alleged, the application for redress must be made to the common pleas; and if they erred, a writ of error would lie to their decision.

All regulations of practice by law or rules of court, being for the purpose of effecting justice, it is the duty of the court so to construe and apply them as that they shall not produce positive injustice. Here the defendant's counsel knew, on reading the notice, that there was a mistake; he was called upon, on the day of choosing the arbitrators, and concealed this. The defendant had notice of the time and place of the meeting of the arbitrators, and again is silent as to the error in the first notice: his property was levied on and an inquisition held, of which he had notice, and made no objection at the return of the writ. A *venditioni exponas* issued, and his property was sold—still no objection; another *venditioni exponas* issued to sell the residue of his property, and it was sold, and a motion was made to set aside the sale for other reasons, and the sale was confirmed; still no objection on this ground. After all this, it is too late to object to an error of which the party had knowledge the moment he read the first notice; and the court below would not have well used their judicial discretion if they had set aside this judgment: they had a right to consider the irregularity or mistake as waived.

Judgment affirmed.