Alfred Onion *v.* Thomas Robinson.

O. and W. having a claim against R. for money received, to their use, and R. alleging that he had paid it to O., they submitted the matter to arbitrators with authority to award costs and damages, who awarded that R. account to O. for a certain sum, in damages and costs. In a suit on the award in favor of O., it was held that there was no mutuality in the submission between O. and R., and, that neither the rights, nor liabilities, of either, were affected by the award. Held, also, that the submission and award, though legally invalid, might be given in evidence under a declaration setting forth the above facts.

This was an action of assumpsit on an award, appealed from a justice of the peace, in which the plaintiff declared that, certain differences having arisen between him and the defendant touching the sum of $50, which he alleged had been paid to the defendant by one Walker to the use of the plaintiff and one Wheeler, which sum the defendant contended he had paid to the plaintiff—the plaintiff and defendant had submitted themselves to the award of certain arbitrators, to be made between them, of and concerning said differences. The declaration thereupon alleged mutual promises to perform the award, and also an award by the arbitrators that the defendant pay to the plaintiff the sum of $64 and costs, in full satisfaction and discharge of said matters in difference—which, it was alleged had not been paid, though demanded.

On the entry of the appeal in the county court, the defendant moved to dismiss the action, for want of jurisdiction in the justice to try the cause. The court overruled the motion and the defendant excepted.

The defendant pleaded the general issue and there was a trial by jury. On the trial, the plaintiff introduced evidence tending to prove, that the defendant had received of Onion and Wheeler, former partners in trade, demands for collection, among which was one against one Walker for about $50, which the defendant had collected, and which it was conceded had not been paid over to Wheeler, but which the defendant insisted he had paid to Onion, who insisted that he had not received it; and that, to settle this matter, Onion and Robinson had made a submission to arbitrators in writing. The plaintiff then offered in evidence the written

submission, and the award of the arbitrators; by the former of which the arbitrators were authorized to " make their decision according to the rules of law and equity and award costs and damages accordingly;" and by the latter of which the arbitrators awarded " that the said Robinson do account to the said Onion for the sum of $64 damages, and costs of said arbitration." To the admission of the submission and award the defendant objected, on the ground that Onion had no power to make the submission. The court admitted the papers in evidence, and the defendant excepted.

After verdict for the plaintiff, the defendant interposed a motion in arrest, for the insufficiency of the declaration, which the court overruled—to which the defendant excepted.

*D. Kellogg* and *O. Hutchinson,* for the defendant, contended, that the award was not binding, because the submission was not mutual—it being of a subject matter in which Onion & Wheeler were jointly interested. They also contended that, as the award could not bind Wheeler, he not being a party to the submission, therefore there was no valid consideration for the promise which the plaintiff assumed to have been made, on the part of Robinson to perform the award; and that this would be fatal to the plaintiff, on the motion in arrest, although the submission and award were admitted in evidence, since it appeared on the face of the declaration that the plaintiff had no interest, in his individual capacity, in the subject matter of the action. *Warden* v. *Burnham,* 8 Vt. R. 390.

*P. T. Washburn,* for plaintiff.

The submission and award offered in evidence by the plaintiff, were properly received by the court. Under this point, the only question raised by the exceptions is, whether Onion had power to make the submission.

Onion and Robinson were the *parties in interest.* The partnership having been before dissolved, it made no difference with Wheeler whether he looked to Robinson or to Onion for his moiety of the demand. *His* interest was equally balanced, and the fact that *Onion* and *Robinson* entered into the submission shows conclusively that they so understood it. Wheeler's claim was upon the *money,* and

the object of the submission was to ascertain in whose hands it was lodged. Had Robinson, in pursuance of the award, paid the amount of the demand to Onion, the claim against him would have been as much discharged as though Wheeler had been party to the submission. In the case of *Peters* v. *Peirce,* 8 Mass. 398, the plaintiff submitted all demands subsisting between himself and one Powers, then late his co-partner in trade, of the one part, and the defendant of the other part. The award was in favor of the copartnership, and payment of the amount awarded was made to the partner not party to the submission. The submission, award, and payment were held good.

But whether Onion had *technically* the power of making the submission or not, the defendant by becoming a party to it and appearing before the arbitrators, has waived all right to raise the question. And so it was held in *Batchelder et al.* v. *Hanson,* 2 Aik. 319 ; where the plaintiffs, who were *jointly* parties to the submission, had *separate and distinct interests.* Yet, the court say that the submission, being between the *real parties in interest,* was itself a *waiver* of all objections which might have been well raised in the ordinary course of judicial proceedings. It is no objection that plaintiff had, originally, no legal claim. 7 Cowen, 105.

The award was made within the submission, and the action is pursuant to the award. It cannot be objected that the defendant after this judgment, will still be subject to the co-partners, for the payment to the plaintiff, who is a co-partner, would be good.

This was not the submission of the co-partners, nor did the plaintiff attempt to submit for them. It was a submission for himself, and thereby he bound himself to abide the award ; and had the award been against him, he must have seen it performed. Had it been that he should pay the defendant, he must have paid him, or released him so much on the partnership claims for money collected, if any, for the defendant could have pleaded the award to an action by the co-partners, therefore he would have been entitled to an action on the award when in his favor.

The declaration shows a good and sufficient cause of action. The statement of the subject matter of the dispute shows that the *real parties in interest* were those who ac-

knowledged themselves as such by becoming parties to the submission.

The opinion of the court was delivered by

ROYCE, J.—The motion to dismiss has not been urged in this court, and will be treated as having been rightly overruled. And under the modern practice in this state, the submission and award were properly admitted in evidence, without regard to their validity in point of law, since they were, in no respect, inconsistent with the declaration, and tended to support it. If they were legally invalid, it was for reasons apparent upon the face of the declaration. It is contended that the arbitrators should have simply decided the fact, whether Robinson had paid over the fifty dollars to Onion. And if this position were well taken, the award might be objected to as evidence, in reference either to the submission or the declaration. But the award proves to be consistent with both. The submission provided for an award of damages, which could only mean the debt and interest claimed of Robinson ; and the declaration alleges the submission in that general manner, which has always been supposed to authorize the reception of an award in evidence, directing money to be paid, or specific acts to be performed. In short, we regard the submission, the award, and the declaration, as being, in all essential particulars, consistent and harmonious.

The questions to be considered arise upon the motion in arrest. And first, in reference to the submission. If Robinson had not paid over the money, as he claimed to have done, he owed it to Onion and Wheeler jointly. And the question arises, whether Onion alone could submit the controversy to arbitration. It is clear that, without authority for that purpose, he could not bind Wheeler, so as to conclude him by the award, if it should find the money paid over by Robinson. And since it does not appear that he *professed* or *undertook* to bind him, we discover nothing secured to Robinson by the contract of submission, as a consideration, or equivalent, for his promise to perform the award. The submission is apparently destitute of mutuality. It is true, that Onion promised to perform the award on his part ; but what was that performance to be, judging from

VOL. XV. . R. VOL. I. 65

WINDSOR,
*February,*
1843.

Onion
*v.*
Robinson.

the submission as alleged? Simply to receive the money if awarded to him. But if Robinson should prove before the arbitrators that he had already paid it over, the submission provided no indemnity for him, but left him liable, as before, to the joint suit of Onion & Wheeler. And if the award might have obviated this difficulty, by directing some discharge or indemnity from Onion to Robinson, it failed to do so, and merely directed payment of the money by Robinson.

2. As to the award. The objection is, that it is neither mutual nor final. To this it is answered, and is doubtless true, in ordinary cases, that where a single claim is submitted, and the arbitrator finds a sum due upon it, an award of payment is sufficiently mutual and final. The reason is, that, in such a case, the award becomes the legal evidence of the debt; so that when the debt is paid, the debtor's obligation and discharge will both rest upon the award. But in the present case, though the award is understood to have found a debt due from Robinson, it was not due to Onion alone, but to him and Wheeler. And though payment of that debt to Onion, in pursuance of the award, would operate to discharge Robinson, yet his discharge would not rest upon the award, but upon the prior and continuing right of Onion, as one of the joint creditors, to receive payment of the debt for himself and Wheeler. Thus it would seem that no protection or benefit, whatever, could result to Robinson from the submission or award. It is not perceived that the rights or liabilities of the parties were affected by either.

The judgment of the county court is therefore reversed, and judgment on the verdict arrested.