## BENNETT vs. BENNETT.

An oral agreement that no counsel or witness should be heard by the arbitrators, was through inadvertence not inserted in a submission when reduced to writing, but was assented to by the parties and stated to the arbitrators at the commencement of the trial, which proceeded until after the hearing of one of the principal subjects of controversy referred, when one of said parties offered to introduce the testimony of a witness in his behalf. The arbitrators rejected the testimony, and the trial proceeded without objection until the arbitrators had published their award. Held, that a bill in equity to set aside such award on the ground that the testimony was improperly rejected, ought to be dismissed.

THIS was a bill in equity brought by Leonard R. Bennett against Josiah H. Bennett, praying the court to set aside an award of arbitrators described in the bill, and to enjoin the defendant under a suitable penalty from using or setting up the same in any suit at law or in equity.

At the term of the superior court for the county of Windham, holden in November, 1855, the following facts were found, and the case reserved for the advice of this court.

On the 18th day of June, 1855, the plaintiff and defendant entered into the following submission. "Whereas, there are sundry matters in dispute existing between Josiah H. Bennett and Leonard R. Bennett, both of Plainfield, in Windham county, in relation to their accounts and a division of their real and personal property, which they are unable to settle satisfactorily among themselves, and in order to have the same adjusted and finally settled, they hereby agree to submit all matters in controversy to the final arbitrament and award of Mowry Amesbury, Esq., of Killingly, Joseph K. Greene and Uriel Fuller, of Brooklyn, all in said county. And said arbitrators are to commence their hearing on the 18th day of June, 1855, with power of adjournment from time to time, provided they shall make and publish their award in writing, on or before the first day of July, A. D. 1855. And we the said Josiah H. Bennett and Leonard R. Bennett, hereby bind ourselves to abide the award of said arbitrators in the premises.

Dated at Plainfield, this 18th day of June, 1855.

JOSIAH H. BENNETT,
LEONARD R. BENNETT.

Before the submission was reduced to writing, the parties verbally agreed that no counsel, and no witnesses, should be heard by said arbitrators on the trial, and that the award should be made upon the testimony of the parties themselves, together with such book accounts and exhibits as they should produce. But by reason of the inadvertence or misunderstanding of the scrivener who drew up said submission, or by the inadvertence or unintentional omission of the parties to give

to said scrivener any instructions in regard to it, the parties executed said submission without having their attention called to the fact that it contained no provision in relation to the witnesses; and supposing it to be properly drawn for the purpose of carrying into effect their real agreement.

Pursuant to such agreement the trial was entered upon and proceeded with, through the whole of the first day, and a part of the second, and until after the hearing in regard to one of the principal subjects of controversy between the parties had been completed, and the arbitrators were ready to make their award thereon, and until the hearing and trial in regard to another subject of controversy had commenced and was in progress, when the plaintiff proposed and offered to introduce as a witness one Nathan Bennett, to testify in support of his claims, to facts which the plaintiff claimed to be material and important.    To the introduction of this witness the defendant objected on the ground of said agreement, which he claimed ought not in that stage of the trial to be set aside.    The plaintiff then admitting said agreement, the arbitrators decided that said witness ought not to be received to testify, and rejected him accordingly ; and the trial proceeded without objection from the plaintiff until its final termination, and until said award was made.    No claim was made in the superior court, that said award ought to be set aside on account of any wrongful, fraudulent or unjust behavior of said arbitrators on said trial, other than the rejection of said witness.

In the discharge of their duties the arbitrators were guilty of no fraud or misconduct, and they conducted the trial and made said award with entire impartiality.    The defendant was not guilty of any fraudulent conduct or improper practice in relation to the submission, trial or award.

*Cleveland* and *Penrose,* for the plaintiff.

1. Independently of the oral agreement, the refusal of the arbitrators to hear evidence is such misconduct, as vitiates their award, and authorizes the court to set it aside.    17 Johns., 405.

2. The oral agreement that no witnesses, except the parties, were to be heard by the arbitrators, was made before the contract was reduced to writing, and cannot be allowed to affect the written submission. Chitty on Contracts, 107. *Loring* v. *Alden*, 3 Met., 576.

3. The oral agreement, at most, constituted a part of the submission ; and being a part relating only to the mode of proceeding, it could be revoked at any time. And the offer of the plaintiff to introduce a witness before the arbitrators, operated as a revocation of that part of it.

4. The oral agreement is void. It is the policy of the law that all disputes between parties should be settled upon evidence, which is the only means by which they can be correctly and intelligently settled ; but here was an agreement cutting off all the sources from which disinterested and impartial information could be derived.

*Welch* and *Tyler*, for the defendant.

1. Courts of equity always favor settlements by arbitration.

2. Equity never interferes to disturb an award of arbitrators unless there be partiality or corruption on the part of the arbitrators, mistakes upon their own principles, or fraud or misbehavior in the parties. 1 Sw. Dig., 471. Kirby, 353. 4 Conn. R., 259 ; 1 Day, 153 ; 1 Conn. R., 571 ; 7 Conn. R., 542. *Fisher* v. *Towner*, 14th Conn. R., 26. *Herrick* v. *Blair*, 1 Johns. Ch., 101. *Underhill* v. *Van Cortlandt*, 2d Johns. Ch., 339. *Woodworth* v. *Van Buskirk*, 1 Johns. Ch., 432.

3. The plaintiff cannot complain of the award, because by express agreement between the parties, the testimony offered had been excluded. If dissatisfied with the decision of the arbitrators, in rejecting the testimony, his only remedy was a revocation of their power.

4. There is nothing in the finding which shows that the testimony rejected would have changed the result, or benefited the petitioner if it had been received. On principle, this application is like a petition for a new trial. *Maples* v. *Avery*, 6 Conn. R., 20. *Norwich and Worcester R. R. Co.* v. *Cahill*, 18 Conn R., 484.

ELLSWORTH, J. These parties selected and appointed certain gentlemen to adjust and settle their differences as a board of arbitration, agreeing that they would not employ counsel, but would present their books and papers, and would call no witnesses besides themselves. Through inadvertence, these provisions were not inserted in the submission, but that they were settled and existed was fully admitted before the arbitrators; and it was formally stated to them, at the commencement of the trial, to be the rule by which the parties and arbitrators were to be governed. The trial proceeded accordingly into the second day, and until the arbitrators had finished one important branch of the inquiry, when the plaintiff, without previous notice or complaint, offered a third person to testify to some point which he claimed to be material to his case. The defendant objected to this evidence, and the objection was sustained; and the trial proceeded without the testimony until the hearing was completed and the award was made and published. The plaintiff now asks that the award may be set aside, and declared void, on account of this determination of the arbitrators; not because of any fraud or corruption or mistake, for it is found that there was none, but for the supposed error in law of the arbitrators.

We suppose there may be cases where mistakes or fraud in the arbitrators would render it proper for the court to set aside an award and grant relief, but the present award is not of that character at all. Indeed, we think the arbitrators conducted with entire propriety and fairness in their decision. They held that the party should abide by his agreement, formally avowed in their presence before the trial began, which agreement was to govern the parties and the arbitrators on the trial. Besides, it was the rule observed during a material part of the trial, and how could it be after that abandoned, without notice and mutual consent of the parties? As in any other court the parties would here be held to abide by their own agreements made, or agreed to have been made, in the presence of the court, in order to govern all parties in the trial; and were it otherwise, this question itself might be held to come within the range and action of

the arbitrators as the final and exclusive court selected by the parties. Had any unforeseen event happened, or had there been any fraud or concealment on the part of the defendant, which threatened to defeat such a fair and impartial trial, as is of course implied in the agreement to go on with the testimony of the parties only, this should have been stated and made to appear at the time. If the arbitrators, finding this to be so, would, notwithstanding, rigidly enforce the rule aforesaid, perhaps the plaintiff might then have revoked the submission. We will not say what a court of equity might or might not do, to afford the injured party relief in a given case. But this is not that case at all. He did not revoke, nor ask to have the trial stopped or even temporarily suspended, but went on and took his chance for an award in his favor. His bill for relief is more like a writ of error, asking the court to review a supposed error of law of the arbitrators, than an application for a new trial for an illegal or unjust verdict or judgment. In the latter case, it would be necessary for the person applying for a new trial to state, in detail, the new evidence as well as the old, that its materiality and importance might be seen.

We advise that the bill be dismissed.

In this opinion the other judges, STORRS and HINMAN, concurred.

Bill dismissed.