## CHAUNCEY PAGE *vs.* CHARLES RANSTEAD.

If a submission to arbitration, in addition to a statement of the matter submitted, contains the facts out of which the question arose, and the grounds on which each party relies, and the arbitrator, being at a distance from the parties, writes to the party sought to be charged, inquiring if it is the wish of the parties to meet him in person and state their own cases, or if he should decide the case from the facts signed by them, and informing him that the other party will be there at a specified time, and that party replies to the arbitrator that he expects to have a hearing, and, as it is not convenient for him to meet the other party at the place of the arbitrator's residence at this time, he will try and state his side, and thereupon proceeds to state his views, this may be taken as a waiver of a further hearing, and the arbitrator is authorized to consider the case and make his award.

A. and B., in a submission to arbitration, stated that B. had agreed to furnish and deliver to A. a raft of pine timber at a specified price; that at the time of making this contract B. made an agreement, to which A. was a witness, with another person to get out the timber; that the third person failed to get out the timber; that B. claimed that by general custom in that region the failure of the third person absolved B. from his agreement, which A. denied; and that the question for the arbitrator to decide was, "Has A. a claim on B., and if so, to what amount?" Some months afterwards the arbitrator wrote to B. asking if it was the wish of the parties to meet him in person and state their own cases or if he

should decide the case from the facts signed by them, and informing him that the other party would be there at a specified time. B. replied, that he expected to have a hearing, and as it was not convenient for him to meet the other party at the place of the arbitrator's residence then, he would try and state his case; and he thereupon proceeded to state his views of the case. *Held,* that this might be taken as a waiver by B. of a further hearing and that the arbitrator was thereupon authorized to consider the case and make his award.

CONTRACT upon an award, rendered under the following submission to arbitration :

" Boston, June 30th, 1863. It is hereby understood and agreed that we are to refer our contract for timber, made at Marietta, Pennsylvania, in the summer of 1862, to Mr. F. M. Bingham, of Camden, N. J., with the following understanding and explanations : The terms of the contract were, that Mr. Ranstead was to furnish and deliver in Baltimore a raft of pine timber, equal in quality to a sample raft of Patchen Timber, for which Mr. Page was to pay thirteen cents per foot. At the time of making this contract Mr. Ranstead made an agreement, to which Mr. Page was a witness, with another party, to get out the timber for the next season. This third party failed to com·ply with his agreement. The only matter of question is, con cerning the interpretation of this contract. Mr. Ranstead claims that, by general custom in that section, the failure of the party with whom he agreed to get out the timber to comply with his trade absolves him from the original contract with Mr. Page. Mr. Page argues that he does not, nor at the time did, so understand it, and considers that he has a fair claim for damages on Mr. Ranstead. The question for Mr. Bingham to decide is, Has Mr. Page a claim on Mr. Ranstead ? If so, to what amount ? Chauncey Page, Charles Ranstead."

The award, dated at Camden, New Jersey, October 24th 1863, was that the plaintiff should recover $360 of the defendant.

At the trial in the superior court, before *Allen,* C. J., there was no evidence of any hearing of the plaintiff's case by the arbitrator ; and it appeared that the only hearing of the defendant's case consisted in the following correspondence : —

" Camden, Sept. 28th, 1863. Chas. Ranstead, Esq., Fallen Timber, Cambria Co. Pa. Dear Sir : Mr. Chauncey Page has

sent to me an article of an agreement, which is left to me for adjustment, made in 1862, for a raft of bill timber. Is it the wish of you and him to meet me in person and state your own cases; or shall I decide from the facts in statement forwarded to me, and signed by both parties? Mr. Page will be here the last of this week. Please answer by return mail. Yours, respectfully, F. M. Bingham."

" Fallen Timber, Pa., Oct. 7th, 1863. F. M. Bingham, Esq.: Dear Sir: I received yours of the 28th ultimo, contents noted Of course, I expect to have a hearing in relation to my agree ment with Mr. Page, and, as it is not convenient for me to meet him at your place at this time, I will try and state my side as I understand it. In the spring of 1862 Mr. Page bought of Mr. Patchen a raft of bill timber. I asked him if he would like one like it the next spring; and we made a bargain, founded on practicability. I at the same time made a bargain with a man to make the timber, and he never came to make it, and I could not get any one else to make it, consequently I could not deliver it. Mr. Page talks about damage; he knew that I had not taken out the timber, and if he had been anxious about it he could have bought several rafts of bill timber of Mr. Churchman. at twelve cents per foot, which was a cent less than he was to pay me. I have known several bargains for timber to be delivered, and when it was not practicable to deliver it — say, no snow to haul on, or no flood to run it on — I never knew damage to be claimed or paid. If I had taken out the timber and run it and sold it to another party for more, then he might said something about damages; but as I done all I could to get the timber, and did not succeed, I think he has no claim. You are to decide. Yours in haste, Charles Ranstead."

Upon these facts, the chief justice ruled that the letter of the defendant did not authorize the arbitrator to decide the case without a further hearing, or giving an opportunity to the defendant to be heard further, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*B. Dean,* for the plaintiff.

*A. Churchill,* for the defendant.

Hoar, J. There is no question of the correctness of the general proposition, that when a case is submitted to arbitration, it is the duty of the arbitrator to give the parties an opportunity to be heard, if they desire it, before making an award. But it is equally clear that the parties may agree to submit their case without argument, either upon facts agreed, or upon the supposition that the facts are sufficiently within the knowledge of the arbitrator; or that either party may relinquish his right to a hearing.

Whether this right has been waived by the defendant is the point to be decided upon this bill of exceptions; and it is not free from difficulty.

The submission to arbitration is a peculiar one. It contains not merely an agreement to refer, and a statement of the question upon which the parties were at issue, but a statement of the facts upon which the question arose, and the grounds of the plaintiff's claim, and of the defence. It appears by the correspondence that the arbitrator was in doubt whether the parties expected to be heard farther, or had submitted the facts and arguments upon which they respectively relied in writing. And we think the doubt was not unreasonable. He asks the defendant, distinctly, whether they wish to meet him in person and state their cases, or to have him decide from the facts already submitted in the written statement; and suggests a convenient time for the hearing, if a hearing is desired. It was the duty of the defendant to answer this question explicitly. He replies, " Of course I expect to have a hearing ; " and if he had stopped there, the arbitrator would have understood that he desired to be present and state his case. But he goes farther, and in answer to the suggestion that the plaintiff was soon to be at the arbitrator's place of residence, he adds : " As it is not convenient for me to meet him at your place at this time, I will try and state my side as I understand it; " and proceeds with a statement and argument for the defence. He closes his argument with the sentence, " You are to decide."

What is the just interpretation to be given to this letter ? A majority of the court are of the opinion that it is susceptible of no other reasonable construction than that which the arbitrator

gave to it; and that it was in effect, and was intended to be, a waiver of any right to a farther hearing in the case.

No other time or place for a hearing is suggested as convenient or desirable. If the defendant expected a personal hearing afterward, he certainly had no right to argue his case by letter. He "states his side" in writing for the expressed reason that it is not convenient to attend personally at the time intimated, though not absolutely appointed, by the arbitrator. For what proper purpose could this statement have been made, if he had expected or wished a time and place to be afterward designated for presenting his case?

The natural effect of his language seems to be this. "I do not intend to leave my case upon the original submission. I wish to be heard. But as the time you suggest for a hearing is not convenient to me, I do not ask you to fix another, but will now put in writing all I have to say. Upon this statement and argument I submit the case to your decision."

With this view of the defendant's letter, the arbitrator was right in proceeding to make the award, and the exceptions are sustained.