IRA YEAMANS, JR. *vs.* IRA YEAMANS.

In an action on an award of arbitrators under a submission *in pais* by which the defendant undertook to do an act which he was not legally competent to perform, which undertaking was the consideration for the submission on the part of the plaintiff, *Held*, that the submission, not being binding on both parties, was binding on neither, and, with the award, was void.

CONTRACT on an award of arbitrators under a submission *in pais.* In the superior court, *Brigham*, J., ruled that the plaintiff could not maintain his action, and directed a verdict for the defendant. The plaintiff alleged exceptions. The case is stated in the opinion.

*W. G. Bates & M. B. Whitney*, for the plaintiff.

*H. Morris*, for the defendant.

FOSTER, J. This is an action upon an award, the validity of which is the question to be determined. An examination of the submission shows that the defendant agreed to convey to the plaintiff " all the lands unsold belonging to the estate of Gad Root, deceased," and to account with him for all the personalty and the proceeds of realty sold which the defendant had received from said estate. It appears that the defendant is one of two trustees under the will of Gad Root; and that the greater part of the beneficial interest of said estate has vested in the plaintiff.

Apparently the design of the submission was to settle by arbitration in the country the defendant's accounts as trustee, and to have him transfer to the plaintiff, as the party beneficially interested, the balance of the trust estate, both real and personal. But Ashur Root, a child of Gad, and one of the *cestuis que trust*, still survives, and has a life interest in one third of the trust estate; and some small portions of the lands of Gad Root remain unsold. The submission and award require a conveyance of them by the defendant; which, if it have any legal validity, would divest him of his trust estate and tend to disable him from performing his trust. Not only the income of this estate belongs to Ashur Root for his life; but, in case the

income of his share should prove insufficient for his comfortable support, so much of the principal thereof as may be necessary for that purpose is also to be so applied.

It is plain that no such arrangement as the parties contemplated by this submission and award could operate to divest the defendant of his trust, or exonerate him from his duties and liabilities as trustee. He must continue clothed with the responsibilities of that position until discharged by a court of competent jurisdiction. Nor can the lands held in trust be conveyed by him so as to be held by a purchaser discharged of the trust (they could not be even by both trustees together) without leave of court; for the will contains no power of sale. We are inclined to think that the entire submission and award are void, as contrary to the policy of the law, and an attempt to dispose of a trust estate and settle the trustee's accounts in an irregular and improper manner. But we need not decide the case on this ground. It is certain that, if the award had required a payment of money by instead of to the plaintiff, he would not have been bound by it; because he could have made the unanswerable objection that it was not in the defendant's power to convey by a complete title the unsold lands belonging to the estate of Gad Root. No doubt an award may be good in part although void in part; which is a relaxation of the rigor of the ancient common law rule. But this is only where the good and bad parts are distinct and independent from each other, so that they can be separated without prejudice to the rights of the parties. The rule is clear, that " if that part of the award which is void be so connected with the rest as to affect the justice of the case between the parties, the award is void for the whole." Kyd on Awards, (1st Am. ed.) 170. *Chase* v. *Strain*, 15 N. H. 535. *Barrows* v. *Capen*, 11 Cush. 37.

Since, then, the plaintiff was not bound by the submission, it was destitute of that mutuality which was essential to its validity. *Keep* v. *Goodrich*, 12 Johns. 397. *Biddell* v. *Dowse*, 6 B & C. 255. 2 Greenl. Ev. § 80. " If the submission does not bind all of the parties, it does not bind any." *Marsh* v. *Wood*, 9 B. & C. 659.

To sum up the whole matter briefly: By the submission the defendant, Ira Yeamans, Sr., undertook to do an act which he was not legally competent to perform, namely, to convey away land which he held in trust under the will of Gad Root. This was the consideration for the submission on the part of Ira Yeamans, Jr.; and because it failed he could not be bound by either submission or award. The submission, not being binding on both parties, was binding on neither, and the plaintiff's

*Exceptions are overruled.*