## ALONZO HAMILTON *vs.* PHŒNIX INSURANCE COMPANY.

The fact that an owner of more than half of a ship, acting for five or six years as ship's husband, has kept her insured for himself and the other owners, by time policies obtained by him annually, without any interference by them, containing a clause for submitting to arbitration any dispute about a loss, warrants an inference that he is authorized to settle by arbitration any claim for a loss under a like policy.

It is no ground for setting aside an award under a submission entered into, in behalf of the owners of a ship, by her husband, through his agent, that he had no right to delegate his authority, if he ratified the proceedings by his conduct while the arbitrator had the case under consideration.

It is no ground for setting aside an award under a submission in the country, that the terms of the submission provided that the arbitrator should decide the issue upon certain written documents, and such other evidence as he might collect, without a formal hearing of the parties.

CONTRACT on a time policy of insurance issued by the defendants to the plaintiff upon the ship Charles Cooper, and containing a clause that " if any dispute shall arise, relating to a loss on this policy, it shall be submitted to the judgment and determination of arbitrators mutually chosen, whose award in writing shall be conclusive and binding on all parties."

The case was submitted to the judgment of the court on a statement of facts, with authority to draw therefrom such infer-

ences as a jury might draw, in which it was agreed that there was a reference of the plaintiff's claim to an arbitrator, pursuant to the terms of the policy; and the facts concerning this reference were stated substantially as follows:

The submission to the arbitrator provided that he should "collect such evidence in the premises as he may deem necessary," in addition to such documentary evidence as was appended to the submission; and that his decision should be final. It was signed in behalf of the defendants, by a duly authorized agent; and in behalf of the plaintiff, by Richard S. Haven, as his attorney, under an express written power. And the documentary evidence included a statement of the plaintiff's claim, prepared by Haven as an average adjuster, and various vouchers, together with the surveyor's reports, and the protest.

At the time of the issue of the policy, and of the loss, the ship was owned by six other persons with the plaintiff, in the proportion of $\frac{18}{32}$ by him and $\frac{14}{32}$ by them; and two of them, who were joint owners of $\frac{2}{32}$, had given a bond for the sale of their interest to him, before the policy was issued. The plaintiff effected the policy "for himself for $\frac{18}{32}$, and for the other owners in proportion to their respective interests."

The plaintiff had no authority from the other owners to submit the claim to arbitration, "except the authority derived from the facts, that he was, at the time when the insurance was effected, and had been for five or six years previously, the ship's husband; that he had, during all said five or six years, kept the ship insured for himself and the other owners jointly, by policies like the one in suit, for whom it might concern; that he owned $\frac{13}{32}$ or $\frac{18}{32}$ of the ship; and that he effected the insurance, under the policy now in suit, for himself and the other owners jointly, for the benefit of whom it might concern."

It was further agreed, that the plaintiff was informed who the arbitrator chosen was; that he never saw the agreement of reference; that the terms of the reference, or the mode of proceeding by the arbitrator, were not a subject of which he thought, or about which anything was said, he leaving the matter mainly in the hands of Haven; and that he did not know the terms of the

reference, or the mode of proceeding by the arbitrator, except so far as may appear or be inferred from the fact that he understood that the adjustment made by Haven, and the vouchers and proofs brought home by the master, would be laid before the arbitrator, and if other evidence was wanted the arbitrator would notify Haven and he would furnish it; that he expressed to Haven and the arbitrator his impatience at the delay of the arbitrator in making his decision, and that he wrote the arbitrator a letter, which was appended to the statement of facts, and which discussed and made statements concerning certain features of the claim, and expressed the writer's satisfaction with the selection of the arbitrator, and his willingness " to furnish any more facts in regard to the case " which the arbitrator might desire.

If the court should be of opinion that the award made under this submission was a bar to this action, then the plaintiff was to become nonsuit; otherwise, the case to stand for trial.

*H. C. Hutchins,* for the plaintiff.

*J. C. Dodge,* for the defendants.

GRAY, J. The plaintiff's objections to the validity of the award set up in bar of this action are based, 1st. upon the want of authority in a ship's husband to submit to arbitration a claim of loss under a policy of insurance upon the ship; 2d. upon his having no right to delegate to a third person such an authority; and 3d. upon the form of the submission. But we are of opinion that on the case stated by the parties neither of the objections can be sustained.

1. A ship's husband as such has indeed no authority to obtain insurance on the interest of his part owners. *French* v. *Backhouse,* 5 Burr. 2727. *Finney* v. *Warren Insurance Co.* 1 Met. 16. But in *French* v. *Backhouse,* Lord Mansfield said, " It is most usual for all the owners to direct the husband of the ship to act discretionally for them all; " and it was held that evidence that they were told of the insurance, and expressed no objection to it, was sufficient evidence that they had directed it, to sustain actions by him against them for their proportions of money paid by him for insuring the ship. The plaintiff in the present case is obliged to admit his right to insure the interests of the other owners, as the

only foundation of this action; for if the policy covered his own interest only, he could not deny that his submission to arbitration bound him. Being authorized to insure for whom it might concern, he might have sued for the whole loss in his own name, and, in the absence of any evidence of dissent of those in whose behalf the insurance was obtained, he would have been authorized, in case of loss, to make an abandonment to the underwriters of the whole interest insured. *Williams* v. *Ocean Insurance Co.* 2 Met. 303. *Reynolds* v. *Ocean Insurance Co.* 22 Pick. 191. Emerigon des Assurances, *c.* 5, sect. 4. It has been said by judges of high authority, that an agent authorized to effect a policy had authority to adjust or submit to arbitration a claim for a loss under it; and that a broker, authorized to procure insurance, and having the policy in his hands, was authorized to settle such a claim in behalf of the assured. *Richardson* v. *Anderson*, 1 Camp. 43, note. *Goodson* v. *Brooke*, 4 Camp. 163. Story on Agency, § 58. Blackburn, J., in *Xenos* v. *Wickham*, 14 C. B. (N. S.) 435, 464. Lord Cranworth, in *S. C.*, Law Rep. 2 H. L. 296, 321. Without deciding whether such a rule would be universally applicable, we are of opinion that in this case the facts that the plaintiff, for five or six years, had been ship's husband and the owner of more than half of the ship, and had kept her insured for himself and the other owners jointly, by policies, obtained by him annually, like the one in suit, without any interference by the other owners, warrant and require the court to infer that all the owners authorized him not only to procure insurance on the interest of all in this form, but to settle, by arbitration or otherwise, any claim for a loss under such a policy.

2. It is unnecessary to consider whether the plaintiff could delegate this authority; because the facts show that he knew of the submission entered into by his agent, and by his conduct while the arbitrator had the case under consideration assented to it, and thereby ratified it and gave it the same effect as if he had in person signed the agreement of submission.

3. The submission upon written documents and such evidence as the arbitrator in his discretion might collect, without a formal hearing of the parties, was in a form not unusual in controversies

between merchants, and which the plaintiff, knowing of, did not dissent from, and therefore by necessary implication approved.

It follows, that the award is a bar to this action, and that, according to the agreement of the parties, the plaintiff must be

*Nonsuit.*