# Curran, Appellant, *v.* Philadelphia.

*Municipalities—Municipal contracts—Street cleaning—Arbitration clause—Repugnant provisions—Mutuality.*

1. Where a municipal contract for street cleaning shows on its face that it was clearly intended to be an arbitration agreement, and the city sets up an award of the director of public works, the arbitrator, as a defense in a suit on the contract, a provision at the conclusion of the written contract that the city shall not be bound by the certificate of any officer of the city, will not be considered, and the contract will be read as though the clause were absent. Inasmuch as the clause is repugnant to the paramount intention of the parties as to arbitration, it must give way.

2. In such a case, were the city itself to invoke the repugnant clause, as a defense, to an award, it would not be sustained, hence the contract may and should be read as though the clause were absent, and, when so viewed, the lack of mutuality in the submission is only apparent, not real.

*Municipalities—Municipal contracts — Liquidated damages— Penalties—Contracts—Arbitration.*

3. Where a municipal contract for street cleaning provides that the "engineer" is to determine all questions in relation to the work, and the "Director of Public Works" shall deduct certain specified amounts for defaults, such as neglect to uniform street cleaners, failure to operate machines strictly in accord with the specifications, absence of employees, and such like provisions, and as to these matters the decision of the director shall be final, such deductions by the director are liquidated damages, and not in the nature of penalties.

4. Liquidated damages may be provided for in every instance where, from the character of the work to be performed, it is manifestly impossible or most difficult, to measure the damages, particularly for defined anticipated defaults, which may be classified as possibly harmful.

*Municipalities—Municipal contracts—Street cleaning—Arbitration—Two arbitration clauses—Ex parte hearing—Waiver—Estoppel.*

5. When two arbitration provisions are inserted in an agreement, the first being so generally comprehensive in its scope as to apparently take in disputes of every nature, while the other is limited to certain defined questions, they may both stand; and in con-

struing such a contract, matters specified in the second clause, as particularly given to the referee there designated, will be excepted from the wider jurisdiction previously conferred.

6. Where a municipal contract for street cleaning provides that the "engineer" shall determine all questions in relation to the work and the prosecution thereof, and the "Director of Public Works" shall pass upon certain deductions for defaults specified, the director, and not the engineer, is the person to pass upon the question whether the contractor had made the particular defaults, and if he had, to deduct the stipulated damages.

7. In such a case where the contract contains no provision for ex parte hearings before the director, and the contractor, after an award against him without a hearing, brings a suit on such contract against the city, and there is nothing to show any implied assent on the part of the contractor to an ex parte hearing, or that there was any waiver or estoppel on his part, which prevented him from questioning the investigation, the fact that he failed to demand a hearing prior to instituting the action, will not prevent him, after his suit has been dismissed as premature, from demanding a hearing.

8. In such a case the virtual denial of the right to a hearing by the action of the director, avoids the award.

9. A provision in the contract that the work shall be done to the satisfaction of the director, has no controlling significance inasmuch as the arbitration clauses govern. The director is an arbitrator, and must proceed accordingly.

Argued Jan. 21, 1919. Appeal, No. 135, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., March T., 1916, No. 2704, on verdict for defendant in case of Frank Curran v. City of Philadelphia. Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Appeal dismissed, without prejudice, etc.

Assumpsit on a municipal contract for cleaning streets. Before WESSEL, J.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for defendant.

*Henry A. Hoefler* and *J. Washington Logue,* with them *George S. Russell,* for appellant.—The director did not give the contractor any hearing or opportunity to present his side of the matter. This was error: Pittsburgh, etc., Co. v. Sharp, 190 Pa. 256; Crosby v. Amer-Slovak Hall Assn., 61 Pa. Superior Ct. 199.

A sum fixed as security for the performance of a contract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation, is a penalty: Stover v. Spielman, 1 Pa. Superior Ct. 526.

*Hugh McAnany, Jr.,* Assistant City Solicitor, with him *Michael J. McEnery,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellee.—When the parties to a contract agree to submit the determination of a question to a referee whose decision shall be conclusive and final, neither party is at liberty to disregard the decision in the absence of fraud participated in by the other: Bowman v. Stewart, 165 Pa. 394; Payne v. Roberts, 214 Pa. 568; Kann v. Bennett, 234 Pa. 12.

OPINION BY MR. JUSTICE MOSCHZISKER, March 10, 1919:

Frank Curran sought to recover from the City of Philadelphia a balance alleged to be due under a contract for cleaning certain of its streets. The agreement in question provides, by section 16 of the specifications, that the "engineer" is to "determine all questions in relation to the work and the prosecution thereof," and "decide every question which may arise relative to the performance of the service covered by this contract"; further, that his "decision shall be final and conclusive." Section 76 stipulates the "Director of Public Works" shall at stated periods determine what, if any, abatement shall be made from moneys due the contractor, as "liquidated damages" for various specified defaults, not af-

fecting the amount of work done but the method of accomplishment; and, in this connection, the exact damage to be deducted, for each of a listed number of delinquencies, is named, it being provided that the decisions of the director as to such deductions "shall be final and conclusive." The work is to be performed to the "entire satisfaction" of the director "or his duly authorized agent or agents"; and the specifications say that, whenever the term "director" is used, it shall mean the director of public works, "or his authorized representatives." Finally, the last paragraph in the contract states: "It is further expressly understood and agreed ......that nothing contained in this contract, or in the specifications hereto attached, shall be taken or construed to preclude the [city] from contesting the estimates or certificates of any officer of the city, or the claim of the [contractor] under this contract, or under such estimate or certificate; but the [city] shall be at full liberty to take every legal defense to the character, quality and quantity of the said work and materials, and to the time and manner in which the same shall be furnished and done, notwithstanding the certificates of approval of any officer of the said city."

At trial, plaintiff proved that $1,566 had been deducted by the director from a stated settlement; that, of this sum, only $10 represented unperformed work, the balance, constituting the amount in controversy, being withheld for alleged defaults in the time and manner of performance, i. e., neglect to uniform street cleaners, failure to operate certain machines strictly in accord with the specifications, absence of employees, and such like omissions.

Binding instructions were given for defendant on the ground that, under the contract, the decision of the director was final and conclusive; a verdict was entered accordingly, judgment followed, and plaintiff has appealed.

Appellant first contends that, since the agreement makes the decisions of the referees named therein binding upon the contractor but not upon the city, the submission to arbitration lacks mutuality and, therefore, obligates no one; and, on this theory, he urges that the award of the director cannot bar his right of recovery in the present suit. The point is well made if this clause of the contract has any controlling effect; but, as we shall show, it has not.

The provision in question must be considered in connection with the arbitration clauses of the agreement, and with the thought in mind that submissions are always construed so as to carry out the prime intention of the parties (Graham v. Graham, 9 Pa. 254, 256-257; Rogers v. Playford, 12 Pa. 181, 185; Kennedy v. Poor et al., 151 Pa. 472, 474), every reasonable intendment being made in favor of their validity: Finch v. Lamberton, 62 Pa. 370, 373; Painter v. Kistler, 59 Pa. 331, 333; Robinson v. Bickley, 30 Pa. 384, 389-390; Bemus v. Clark, 29 Pa. 251, 253-254; Buckley v. Ellmaker, 13 S. & R. 71, 76; Gonsales v. Deavens, 2 Yeates 539, 541; Byrd v. Odem, 9 Ala. 755, 766; Joy v. Simpson, 2 N. H. 179, 181.

The clause under discussion is repugnant to the arbitration provisions of the contract and, if operative, avoids the latter, on the principle that submissions which are not binding on both parties obligate neither: Christman v. Moran, 9 Pa. 487; Keiser v. Berks Co., 253 Pa. 167, 169; Yeamans v. Yeamans, 99 Mass. 585; Onion v. Robinson, 15 Vt. 510. What is the effect of this situation?

The paramount purpose of the contracting parties must prevail. The city, being the one having the right to assert the repugnant clause, treats the writing as an arbitration agreement; since the intent it shall be such is too plain to be disregarded, the purpose of the parties in that respect is to be adhered to, if possible (McManus v. McCulloch, 6 Watts 357, 360; Somerset Boro. v. Ott, 207 Pa. 539, 542; Bubb v. Parker, etc., Oil Co., 252 Pa.

26, 29; 13 Corpus Juris, sec. 482, p. 521 et seq.), and, in order to accomplish this, the provision that the city shall not be bound by the award of the arbitrators may, and should, be held inoperative; for, as previously said, it is in conflict with the two arbitration clauses, which undoubtedly represent the predominant intent of both parties to the contract: Morrill, etc., Construction Co. v. Boston, 186 Mass. 217, 220; Smith v. Davenport, 34 Me. 520, 528. All of which brings us to this conclusion: Were the city itself to invoke the repugnant clause, as a defense to an award, it would not be sustained; hence the contract may, and should, be read as though that clause were absent; and, when so viewed, the lack of mutuality in the submission is only apparent, not real. Appellant's first contention is dismissed.

The conclusion just stated leaves the arbitration and other features of the agreement standing; and we shall now consider the question raised by plaintiff concerning the proper construction to be placed thereon; also as to the validity of the director's award.

Appellant contends that the various deductions made from the moneys due him, excepting, possibly, those hereinbefore referred to as amounting to $10, were all in the nature of penalties, and not liquidated damages. We cannot sustain this contention. Liquidated damages may be provided for in every instance where, from the character of work to be performed, it is manifestly impossible, or most difficult, to measure the damages, particularly for defined anticipated defaults which may be classified as probably harmful: Emery v. Boyle, 200 Pa. 249, 253; York v. York Rys. Co., 229 Pa. 236, 241.

The present is peculiarly a case for liquidated damages. As stated in the city solicitor's brief, "The question as to whether or not the streets of a city are clean at any particular time is a matter susceptible of such wide divergence of opinion, that a contract for this purpose must deal mostly with the means by which that end is produced. It is necessary, therefore, to have specifications

based upon the experience of the department, showing what number of men, teams and implements shall be employed, how the work shall be done, in what manner the men must clothe and conduct themselves, so they may be easily identified and the work performed without offense to the public. The damage resulting from nonperformance of any of these items, or others like them, cannot be accurately determined. While the absence of a man, or an implement, might not prevent the cleaning of a street, yet it might keep a whole gang of men idle. The failure of the contractor to uniform men, or mark equipment, might result in no loss; on the other hand, it might make it difficult for the inspector to know whether or not the contract was being complied with and thus cause a great loss of time and effort on his part. Hence, the only fair method is that used in these specifications, to set forth a list of violations with the deduction for each, so the contractor, in making up his estimates, may know what loss will be incurred by his failure of performance"; and, we may add, so public interests may be adequately protected: Malone v. Phila., 147 Pa. 416, 421.

Appellant urges that the award is invalid because the director of public works rendered the decision, whereas the contract requires the city engineer to act in the premises; but we are not impressed by this contention. As hereinbefore indicated, the specifications contained two clauses, each designating a referee, or arbitrator, to determine questions under the contract; the first, section 16, names the engineer, and the next, section 76, designates the director. If the last mentioned clause did not appear, appellant's present contention might well be sustained; but, when two arbitration provisions are inserted in an agreement, the first being so generally comprehensive in its scope as to apparently take in disputes of every nature, while the other is limited to certain defined questions, they may both stand; and, in construing such a contract, matters specified in the second clause, as particularly given to the referee there designated, will

be excepted from the wider jurisdiction previously conferred. When this rule is applied to the present case, it is clear the director, and not the engineer, was the person to pass upon and determine whether or not, as a matter of fact, the contractor had made the particular defaults alleged against him, and, if he had, then to deduct the stipulated damages; but he must do this in a legal and proper manner.

Did the director proceed according to law? It is contended he did not, in that plaintiff was neither afforded a hearing nor an opportunity to demand one prior to the rendition of the director's decision; and, on this ground, appellant claims the award against him is illegal; which is the most serious complaint in the case.

To determine whether the contractor had made the alleged defaults and, therefore, must pay the liquidated damages specified in the contract, the director, as referee, had to perform a judicial function (Falconer v. Montgomery et al., 4 Dal. *232, *233; Passmore v. Pettit and Bayard, 4 Dal. *271, *272; McManus v. McCulloch, 6 Watts 357, 360); and, "when a case is submitted to arbitration, it is the duty of the arbitrator to afford the parties an opportunity to be heard, if they desire it, before making an award" (Page v. Ranstead, 92 Mass. 295, 298; 2 R. C. L. 377, sec. 24; and Pennsylvania cases last above cited), it being "well established that, where an arbitrator proceeds entirely ex parte, without giving the party against whom the award is made any notice of the proceeding under the submission, the award is void, and it is not necessary to show corruption on the part of the arbitrator": Ingraham et al. v. Whitmore et al., 75 Ill. 24, 31; Rivers v. Walker, 1 Dal. *81.

Of course, a party may "relinquish his right to a hearing" (Hamilton v. Phœnix Ins. Co., 106 Mass. 395, 398-399; Page v. Ranstead, supra, p. 298); but, where it is admitted no opportunity for a hearing was afforded before the award, that such renunciation did in fact take place must be made to appear by him who asserts it.

Here there is no provision for ex parte hearings contained in the contract; hence we must see if there was any implied assent to a hearing of that character, or waiver or estoppel, binding on plaintiff, which prevents him from questioning the nature of the investigation that led to the award now complained of.

One may either impliedly or expressly authorize an arbitrator to proceed in his absence (Graham v. Graham, 9 Pa. 254; id. 12 Pa. 128; Liverpool, etc., Ins. Co. v. Goehring, 99 Pa. 13, 16; Bridgeport v. Eisenman, 47 Conn. 34, 40; Hamilton v. Phœnix Ins. Co., 106 Mass. 395, 398, 399; Rector v. Hunter, 15 Tex. 380, 381; also see 5 Corpus Juris 91, sec. 193; Cogswell v. Cameron, 136 Mass. 518, 524; Page v. Ranstead, 92 Mass. 295, 298; Vincent v. German Ins. Co., 120 Iowa 272, 278), or a hearing may be waived (McCord v. Scott, 4 Watts 11, 12) and a refusal to attend, when notified by the arbitrator, is a waiver (Graham v. Graham, 9 Pa. 254, 255); but in this case there is nothing to show plaintiff's assent to the award or waiver of his right to be heard.

Moreover, the city has been in no way harmed by appellant's failure, after the award, to claim the right to a hearing before bringing suit. In other words, it cannot be argued successfully that, because plaintiff failed to demand a hearing prior to instituting this action, it is now too late; for, no proper award having been made, the arbitrator still may act (Frederick v. Margwarth, 221 Pa. 418, 420), the complainant being subject to the usual penalty of costs for having brought a premature suit.

Although, in certain instances, ex parte hearings have been held valid (see cases, supra), yet the tendency of the law is against anything which makes for secrecy in judicial proceedings. To what extent one vested with authority to determine facts, warranting the imposition of liquidated damages, may be empowered by agreement to proceed ex parte, need not now be determined, since, as previously said, the present contract contains no such

authorization; whenever it is intended to confer that unusual power, its grant must clearly appear. For other cases touching upon the right, by authority, to proceed ex parte, see Bennett v. Bennett, 25 Conn. 66, 70; Straw v. Truesdale, 59 N. H. 109, 112; Canfield v. Watertown Fire Ins. Co., 55 Wis. 419, 426; Florida Yacht Club v. Renfroe, 67 Fla. 154, 163.

We conclude that, under existing circumstances, the contractor is entitled to place his side of the controversy before the director; and the virtual denial of that right avoids the present award.

Should plaintiff, on demand, be granted a hearing, and it be held in accord with the requirements of the law, he will be bound by the award; otherwise he may appeal to the courts; and, of course, like redress is always available upon showing partiality, corruption, collusion, or capriciousness on the part of the arbitrator.

Under the terms of the agreement, and the circumstances of this case, the director, himself, is required to act, for the general provision that the word "director" shall be taken to mean the "director or his authorized representatives," cannot be held effective so far as that official's duties as arbitrator are concerned; else there would really be no referee named to fill the office raised by section 76 of the specifications (supra), whereas such a designation is indispensable to the validity of every engagement to settle prospective disputes by arbitration (Mentz v. Armenia Fire Ins. Co., 79 Pa. 478, 480; Commercial Union Assurance Co. v. Hocking, 115 Pa. 407, 414; Yost v. McKee, 179 Pa. 381, 384) and, as we have already held, the contract before us is essentially an arbitration agreement. The argument, that to grant hearings, such as called for by plaintiff, will consume most of the director's time, does not appeal to us. The city may, in future contracts, appoint a special official for that purpose, if deemed necessary; but, having named the director, it is bound by that designation. Moreover, hearings on points of the kind here in-

volved can be made most simple; and, in the end, it is quite probable they will serve the best interests of all concerned, including the public.

Finally, the provision of the contract—that the work shall be done to the satisfaction of the director—can be given no controlling significance in the present instance, it being established that the arbitration clauses govern. If the question concerned merely the satisfaction of the director as a representative of the city, the good faith of his expression of dissatisfaction would be for a jury (Thaler Brothers v. Greisser Construction Co., 229 Pa. 512, 518; Williams v. Notopolos, 259 Pa. 469, 476); but, as already pointed out, this is a case in which the director is an arbitrator and must proceed accordingly.

The suit before us was prematurely brought, and, for that reason alone, this appeal is dismissed; without prejudice, however, to the right of plaintiff to pursue his proper remedy under the contract.