# Taggart *versus* McGinn.

1. Irregularities in the proceedings of arbitrators under the act of 1836, when apparent on the record, may be corrected by writ of error; but not those which are made apparent by *extrinsic proof*.   They can be corrected only by the court below.

2. If more be awarded than is due, the remedy is an appeal; not a writ of error.

3. The eighth section of the act of April 25th, 1850, relative to actions for enforcing the payment of *ground-rent*, is constitutional as it respects actions then pending; because it operates on the *remedy*, not the *right*.

ERROR to the District Court of *Allegheny county*.

This was an action of covenant by McGinn against Taggart. McGinn, in January, 1839, leased a lot in Pittsburgh, on ground-rent to Morris; the rent to be paid semi-annually, on the first days of April and October.   In July, 1847, all the estate and interest of Morris was assigned to Taggart.   The breach alleged was the non-payment of the rent.

The defendant filed his affidavit of defence and pleaded at length on notice.   In the plea, *inter alia*, it is denied that the first of July, 1849, was a day upon which by the deed and *narr.* any rent was due and payable, and that from the date of the assignment, (the 13th of July, 1847,) until the first of July, 1849, two years' rent was not due and payable.   Further, that the said action of covenant will not lie against the defendant, he being the *assignee* of the lessee.

The plaintiff entered a rule to refer, and the award of arbitrators was filed on 27th November, 1849, finding for plaintiff,

[Taggart *v.* McGinn.]

$344.97, with interest from 1st July, 1849. Rule granted to show cause why award should not be set aside. Depositions filed. The rule was discharged on 28th December, 1849. January 14, 1850, writ of error filed.

The reasons filed on the above rule embraced substantially the following points:

The arbitrators did not hear the defendant on the day to which they adjourned, nor did they give any notice thereof, although they certify that the parties were heard.

The award was given for $344.97, which is $56 more than by the *narr.* and deed filed, could possibly have been due at the day of instituting this suit.

The award (and any judgment upon it) is illegal, because there is no cause of action in *covenant.*

One of the arbitrators, in the absence of the other two, made an interlineation in the award, (thereby altering and changing it,) and making it appear as if all of them had certified and approved of the said alteration and interlineation.

It does not appear that Stowe, as one of the arbitrators, was legally substituted.

The award exhibits erasure, and has this interlineation, do adjourn, ("to meet on Monday, the 26th inst., at which time *having further heard the parties, do award.*")

The plaintiff's bill awarded upon, claims ground-rent from the date of the assignment in July, 1847, until the first day of July, 1849.

At the session of 1850, an act was passed, (see pamphlet edition, p. 571,) the 8th section of which provides: In all cases now pending, or hereafter to be brought in any court of record in this Commonwealth, to enforce the payment of ground-rent due and owing upon lands or tenements, held by virtue of any lease for life, or a term of years, or in fee, the lessor, his heirs and assigns, shall have a full and complete remedy therefor by action of covenant against the lessee or lessees, his, her, or their heirs, executors, administrators, or assigns, whether the said premises out of which the rent issues, be held by deed poll or otherwise.

It was assigned for error:

1. The court erred, &c., in discharging the rule to set aside the award.    2. The court erred in not setting aside the judgment. 3. The judgment is erroneous, because it appears by the record that the plaintiff has no right to recover, and had no cause of action.    4. The judgment is erroneous, because it is for a larger amount than was due and payable by the deed and *narr.*, on the first of July, 1849.    5. The award is illegal and erroneous.

The case was argued by *P. C. Shannon,* for plaintiff in error.—

[Taggart *v.* McGinn.]

That action of covenant would not lie against the assignee, he referred to Irish *v.* Johnson, not yet reported; 5 *Watts* 205; 4 *W. & Ser.* 232. Also, that the act of 1850 was retrospective, and a question existed as to its constitutionality.

*C. W. Robb,* for defendant.—The interlineation consisted in the number of days on which the parties sat. It was incorrect in stating that on the last day they heard the parties.

Oct. 28.—PER CURIAM.—Irregularities in appointing arbitrators under the act of 1836, or in their proceedings, when apparent on the record, may be corrected by writ of error; but not those which are made apparent by extrinsic proof. They can be corrected only by the court below. The fact that every part of this award had not received the assent of the arbitrators before it was filed, depends on parol proof, which is not a ground of adjudication here.

It is urged that more was awarded than could be due; the remedy was an appeal, not a writ of error.

It is further urged, that when this action of covenant was instituted, it did not lie against an assignee of a lessee for years; but the objection has been removed by a constitutional and beneficial act, at the last session of the legislature; constitutional in actions pending, because it operates on the remedy, not the right; and beneficial, because it saves circuity of action. The constitutionality of an act which gives a new, or legalizes an existing proceeding, has seldom been doubted.

Judgment affirmed.