## Wilcox *versus* Payne et ux.

1. In cases of compulsory arbitration the service of the certified copy of the names of the arbitrators and the time and place of meeting may be made under the provisions of the Act of March 23d 1877, on the party, or his agent, or attorney, and if he has no attorney, the service may be in a like manner as of a summons in a personal action.

2. Irregularities in appointing arbitrators, or in their proceedings, when apparent on the record, may be corrected by writ of error. But those which are made so only by extrinsic proof, can be corrected only by the court below. In the Supreme Court every presumption will be made in favor of the award unless flagrant error appears on the record.

3. While the proceedings remain in court, that is, until the arbitrators are appointed, it must appear by the record that everything is regular; but after they are appointed, the proceedings are out of court and need not be reduced to writing.

[Wilcox v. Payne.]

October 22d 1878. Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Erie county:* Of Octo-
ber and November Term 1878, No. 156.

Ejectment by John S. Wilcox against Morris Payne and Harriet
Payne, his wife.

In this case the defendants appeared by attorney, and the plain-
tiff having entered a rule to arbitrate, the respective counsel of the
parties chose arbitrators and appointed a time and place for meet-
ing, upon the certificate of which was endorsed the following:
"Served a true copy of this rule on Allen & Rosenweig, defend-
ants' attorneys; also, on Benson & Brainerd, plaintiff's attorneys, by
handing S. M. Brainerd a true copy of the rule."

At the time and place of meeting as appointed, the arbitrators
being all present, "after having been sworn, heard the proofs and
allegations of the plaintiff, the defendants not appearing, and now
the arbitrators do award for the plaintiff the land described in the
writ, or upon defendants paying to the plaintiff the sum of $196.87
and costs of suit within ten days from this date, then the defendants
to have and hold said land." Thirty-six days after this award, and
after a writ of possession had issued, the defendants moved the court
to set aside the award and all the proceedings thereunder for the
following reasons: 1. That the rule fixing the time and place of
hearing was not served upon defendants, they residing in the
county. 2. Said rule was not served upon any person. 3. There
was no proof before the arbitrators of service.

The court (Galbraith, P. J.), set aside the award in an opinion,
saying, "The Act of March 23d 1877 made no change in the
existing law regulating the mode of service of notice of time and
place of meeting of arbitrators with the names of the arbitrators,
except that in the case of the absence of a party resident from the
county, the service can be made in the manner pointed out for
the service of a summons. It was not meant that in case of a
party resident in the county service on his attorney would be
sufficient, although a first reading of the Act of 1877 gives that
impression. Taking the admitted rules of construction of statutes
referred to by Judge WILLIAMS (5 W. N. C. 35), it seems clear that
this is the proper view, and that service on the attorney is not
sufficient. It follows that the choosing of arbitrators by the attor-
neys and the fixing the time and place of meeting, &c., are not a
waiver of further notice. The parties were still entitled to notice,
either personally or in some of the modes required for service of
summons."

To this action of the court the plaintiff took this writ of error.

*Benson & Brainerd,* for plaintiff in error.—The Act of March
23d 1877, Pamph. L. 28, repeals and supplies the sixteenth section
of the Act of June 16th 1836, and authorizes the service to be

[Wilcox *v.* Payne.]

made upon the attorney of the party. The language is identical with the language of 1836, in which such service is authorized. The service upon the attorney was to avoid delay and inconvenience, by reason of a party who might be absent or difficult to find.

*Allen & Rosenweig*, for defendants in error.—The Act of 1877 was not intended to repeal the Act of 1836, as to service, but simply to correct a defect in that act by prescribing service to be made as in case of a summons, where personal service could not be had : Navel *v.* Elliot, 5 W, N. C. 35. The return of the service was defective, inasmuch as it did not set out upon whom and in what manner the service was made: Weaver *v.* Springer, 2 Miles 42; Bank *v.* Perdriaux, Brightly 67. And until proof of the service of the certified copy, in the manner prescribed by law, the arbitrators had no right to proceed with the hearing, and their award was irregular : Act of June 16th 1836, *supra.*

. Mr. Justice Trunkey delivered the opinion of the court, October 28th 1878.

The provision in section 16th of the Act of 1836, Pamph. L. 715, directing service of the prescribed copy " on the opposite party, if he reside within the city or county, and if not, upon his agent or attorney," was so plain that it needed no construction. Equally clear is the Act of March 23d 1877, Pamph. L. 28, which enacts that the said copy " shall be served upon the opposite party, his agent or attorney; but if said party have no agent or attorney, then it shall be lawful to serve said certified copy upon the opposite party in the same manner as a writ of summons." In this there is no room for interpretation, for there is no " obscurity, ambiguity or other defect of expression." Nor does the sense of the law, as it appears in the words, lead to false consequences or unjust decisions. What evil can result from service as directed by the later act ? Like directions for service of notices are not infrequent in statutes and rules of practice, and have always been understood in one way, namely, that it may be made upon either the party or his agent or attorney. Section 12, Act of 1836, Purd. Dig. 82, pl. 39, directing upon whom the rule for arbitration may be served, works no hardship or injustice. To serve the certified copy, as required by the 16th section of that act, was often difficult and frequently imposed useless trouble and expense upon the party who entered the rule. The Act of 1877 gives relief. It makes full provision for service of the certified copy, which may be on the party, or his agent, or his attorney ; and if he have no agent or attorney, the service may be in like manner as of a summons. How can its terms be reconciled with the 16th section of the Act of 1836, which directs service upon the party " if he resides within the city or county, and if not, upon his agent or attorney ?" Interpolation of these words into the Act of 1877 leaves the law precisely as it was before, except

[Wilcox *v.* Payne.]

only this addition, namely, service of the copy may be made on a party non-resident, and who has no agent or attorney, in the same manner as a writ of summons. This was not the sole intendment of the act. We are of opinion that service was good if made on the defendant's attorney, and that the first exception should have been overruled.

The second and third exceptions aver that the certified copy was not served, and that proof of service was not made before the arbitrators. These are exclusively for the court below, unless the irregularities appear on the record. Irregularities in appointing arbitrators or in their proceedings, when apparent on the record, may be corrected by writ of error, but those which are made so by extrinsic proof, can be corrected only by the court below: Taggart *v.* McGinn, 2 Harris 155; McEntire *v.* McElduff, 1 S. & R. 19; Bemus *v.* Clark, 5 Casey 251. In this court, and so it ought to be elsewhere, " every presumption is made in favor of the award, unless flagrant error appears on the record:" Finch *v.* Lamberton, 12 P. F. Smith 370. While the proceedings remain in court, that is to say, until the arbitrators are appointed, it must appear by the record that everything is regular, but after they are appointed the proceedings are out of court, and need not be reduced to writing: Oppenheimer *v.* Comly, 3 S. & R. 3.

This record on its face does not show that due proof of service of the certified copy was made. The endorsement is manifestly defective in showing a legal service. Extrinsic proof might have been made of a legal service and due proof thereof before the arbitrators. What admissions of parties or testimony were before the court we have no means of ascertaining or considering. The opinion of the learned judge is persuasive that he acted solely upon the first exception; but the other exceptions are on the record, and we cannot say there was error in sustaining them and setting aside the award.

Judgment affirmed