## Chester *v.* McIntyre & Company.

*Appeal—Irregularities by arbitrators.*

Irregularities in appointing arbitrators or in their proceedings, when apparent on the record, may be corrected by writ of error, but those which are made so by extrinsic proof can be corrected only by the court below.

*Arbitration—Presumption favors the award.*

On appeal from arbitrators every presumption is made in favor of the award unless flagrant error appears on the record.

Argued April 26, 1900. Appeal, No. 117, April T., 1900, by defendants, in a suit of Randolph Chester, for use of Robert Clark, against John P. McIntyre & Company, from order of C. P. No. 1, Allegheny Co., March T., 1899, No. 441, discharging rule to strike off award of arbitrators. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Rule to show cause why award of arbitrators should not be set aside. Before the court in banc.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule to strike off the award. Defendant appealed.

*Error assigned* was in discharging the rule to set aside award of arbitrators.

*W. A. Challener*, for appellants.—The provisions of the Act of March 23, 1877, P. L. 28, sec. 1, were not followed even substantially and the proceedings are statutory, and a strict compliance therewith is necessary.

*Joseph Forsythe*, for appellee.—It shall be lawful for the courts to set aside an award of arbitrators on due proof:

1. That the arbitrators misbehaved themselves in the course of the hearing before them.

2. That the award was procured by corruption or other undue means.

The judgment of the court refusing to set aside an award is not reviewable on a writ of error: Bemus v. Clark, 29 Pa. 251.

Irregularities in appointing arbitrators, or in their proceedings, when apparent on the record, may be corrected by writ of error, but those which are made so by extrinsic proof can be corrected only by the court below:   Taggart v. McGinn, 14 Pa. 155; McEntire v. McElduff, 1 S. & R. 19; Bemus v. Clark, 29 Pa. 251; Wilcox v. Payne, 88 Pa. 154.

Per Curiam, May 24, 1900:

This is an appeal from an order discharging a rule to show cause why an award of arbitrators under the compulsory arbitration law should not be stricken off.   The petition upon which the rule was granted alleged that neither the defendants nor their counsel were present at the choosing of arbitrators, and that no notice in writing or otherwise was given them of the time and place of the meeting of the arbitrators.   On the other hand the arbitrators set forth in their award that proof was made of due service of the rule.   The general rule was thus stated by Trunkey, J., in Wilcox v. Payne, 88 Pa. 154. Irregularities in appointing arbitrators, or in their proceedings, when apparent on the record, may be corrected by writ of error, but those which are made so by extrinsic proof can be corrected only by the court below: Taggart v. McGinn, 14 Pa. 155; McEntire v. McElduff, 1 S. & R. 19; Bemus v. Clark, 29 Pa. 251.   In this court, and so it ought to be elsewhere, every presumption is made in favor of the award, unless flagrant error appears on the record: Finch v. Lamberton, 62 Pa. 370.   The record in the case before us is regular in every respect.   There is nothing in the case to make it an exception to the general rule above stated, and as the defendants knew of the award in ample time to take an appeal no hardship will result from its enforcement.

The order is affirmed and the appeal dismissed at the costs of the appellants.