J. A15007/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JACK SIBLEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 2091 EDA 2015 |
| GLENN D. McGOGNEY, ESQUIRE AND | : | |
| ANTHONY D. DIPPOLITO | : | |

Appeal from the Order Entered June 16, 2015,
in the Court of Common Pleas of Lehigh County
Civil Division at No. 2011-C-2381

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 12, 2016**

Jack Sibley appeals **pro se** from the June 16, 2015 order confirming the arbitration award entered in favor of Glenn D. McGogney, Esq. ("McGogney"), and appellee, Anthony D. Dippolito, M.D. (collectively, "Defendants").[1]  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows.  On June 15, 2007, the parties entered into an agreement ("Incorporation Agreement") to form Barnett Food Group, LLC ("the company"), for the purpose of opening a gentleman's club at premises that had previously operated as Lacey's Pub & Grill, Inc. ("the

---

[1] McGogney has not filed an appellate brief in this matter and appellee is proceeding **pro se**.

restaurant").[2]  Pursuant to the Incorporation Agreement, the parties agreed that any dispute between them would be submitted to private arbitration. (**See** "Incorporation Agreement," 6/15/07 at ¶ 11).  It was determined that each principal in this venture would invest $170,000 in the company in order to convert the restaurant into a gentleman's club and purchase the liquor license from the restaurant.  Appellant did not have the financial resources to make such an investment, so Defendants agreed to loan appellant $170,000, which would be secured by mortgages on a parcel of commercial real estate  owned by appellant ("the parcel").  McGogney subsequently loaned appellant $85,000, and appellee loaned appellant $100,000. Appellant, in turn, executed mortgage notes in favor of Defendants, which were recorded with the Bucks County Recorder of Deeds on April 9, 2008, and became liens on the parcel.

Thereafter, each Defendant separately executed a "satisfaction piece" on the underlying mortgages, which were filed with the Bucks County Recorder of Deeds on March 9, 2009.  Each satisfaction piece included language that stated, "the undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged, and that upon the recording hereof, said Mortgage shall be and

---

[2] The record reflects that the Incorporation Agreement was also executed by Reginald Heffelfinger, who is not a party to the underlying claim.

is hereby fully and forever satisfied and discharged." (***See*** "Satisfaction Piece," 3/9/09.)

At some point, a great deal of animosity arose between the parties, which culminated in appellant filing a two-count complaint against Defendants in the Court of Common Pleas of Philadelphia County. Count I of the complaint asserted a professional negligence claim against McGogney, and Count II of the complaint raised causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing against both Defendants. (***See*** "Civil Action Complaint," 7/26/10 at 8-9, ¶¶ 41-49.) On June 28, 2011, this matter was transferred to the Court of Common Pleas of Lehigh County. Thereafter, Defendants filed counterclaims against appellant to recover the $85,000 and $100,000 that they had loaned him. Defendants amended their respective counterclaims on April 27, 2012.

On September 14 and 17, 2012, McGogney and appellee filed separate motions to transfer this case to arbitration, pursuant to the Incorporation Agreement. On January 28, 2013, the trial court entered an order which directed, ***inter alia***, that "all claims and counterclaims . . . be submitted to binding private arbitration as provided in the parties' June [15,] 2007 agreement." (Trial court order, 1/28/13 at 3.) Thereafter, on February 20, 2013, the trial court appointed Philip M. Hof, Esq. ("Arbitrator Hof") as arbitrator. Arbitration hearings were held on January 20, January 21, February 11, March 21, and April 17, 2014. Thereafter, on May 30, 2014,

Arbitrator Hof entered his decision and award. Specifically, on Count I -- professional negligence, Arbitrator Hof ruled in favor of appellant and against McGogney in the amount of $389,147.26; and on Count II -- breach of contract and breach of the implied covenant of good faith and fair dealing, Arbitrator Hof ruled in favor of Defendants and against appellant. ("Decision and Award of Arbitrator," 5/30/14 at 2, 5.) On McGogney's counterclaim, Arbitrator Hof ruled in favor of McGogney and against appellant in the amount of $172,718.84, noting that this amount represented "the principal amount of the [mortgage] notes as well as interest on the amount due and owing on the [mortgage] note." (*Id.* at 6.) On appellee's counterclaim, Arbitrator Hof ruled in favor of appellee and against appellant in the amount of $216,428.42, noting that this amount represented the principal and interest due on the mortgage note as well as attorney's fees. (*Id.* at 9.)

On June 30, 2014, appellant filed a petition to vacate, modify, and/or correct the arbitration award. That same day, McGogney also filed a petition to vacate the arbitration award. On April 20, 2015, the trial court entered an order denying both petitions. On May 18, 2015, appellant filed a *pro se* notice of appeal from the trial court's April 20, 2015 order. On May 26, 2015, the trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), within 21 days. Appellant complied with the trial court's directive. On June 9, 2015, this court entered an order directing appellant to show cause as to why his

appeal should not be quashed as interlocutory. Following said order, the trial court entered an order on June 16, 2015, confirming the arbitration award. On June 17, 2015, the prothonotary gave notice, pursuant to Pa.R.C.P. 236, that judgment had been entered in this matter. On June 18, 2015, the trial court filed a memorandum opinion addressing the claims raised by appellant in his Rule 1925(b) statement.

Thereafter, on June 29, 2015, this court entered a **per curiam** order quashing appellant's May 18, 2015 appeal as interlocutory. **See**, **e.g.**, **Burke v. Erie Ins. Exch.**, 940 A.2d 472, 474 n.1 (Pa.Super. 2007) (stating that an order denying a petition to vacate or modify an arbitration award is not an appealable order; rather, an appeal properly lies from the order confirming the arbitration award entered by the trial court); **see also** 42 Pa.C.S.A. § 7320(a). On July 10, 2015, appellant filed a **pro se** notice of appeal from the June 16, 2015 order confirming the arbitration award. On July 16, 2015, the trial court filed a one-page Rule 1925(a) statement indicating that its prior opinion dated June 18, 2015, sets forth its reasons for confirming the arbitration award.[3]

---

[3] The record reflects that on June 10, 2016, appellant filed a **pro se** post-submission communication that highlighted a number of exhibits to this court. On July 14, 2016, this court entered a **per curiam** order indicating that it was accepting appellant's post-submission communication but cautioned that, "only documents contained in the certified record on appeal will be reviewed and considered." (**Per curiam** order, 7/14/16.)

On appeal, appellant raises the following issues for our review:

1. Whether the trial court abused its discretion and exceeded its powers thus commit[ting] reversible errors of law regarding the lack of Subject [] Matter Jurisdiction regarding [appellant's] counterclaims by granting [McGogney's] and [appellee's] Motion[s] to Compel Arbitration filed on September 14, 2012, and September 17, 2012, "staying the within matter, and all counterclaims are directed to be submitted to binding private arbitration as provided in the parties' June 2007 agreement[,]" thereby transferring all unrelated non-arbitrable [sic] counterclaims to the absolute Jurisdiction of the Arbitrator?

2. Whether the trial court abused its discretion and thus committed reversible error, by failing to recognize [appellant's] empirical evidence of proof the Mortgage Satisfaction was valid and enforceable and that no unpaid mortgages and notes issue existed due to the Defendant[s'] recorded Mortgage Satisfaction Pieces on [appellant's] commercial property as presented to the Trial Court by [appellant], who [r]aised these material issues of fact, declaring that the Defendant[s'] claims were satisfied and legally estopped, thereby precluding [] Defendant[s'] counterclaims from binding private arbitration which [appellant] informed the Trial Court multiple times?

3. Whether the Arbitrator Hof abused its discretion and abuse of powers and thus committed reversible error, and "other irregularities and fraud[,]" where "[i]rregularity["] refers to the process employed in reaching the result of the arbitration, not the result itself, thereby resulting in malfeasance, misfeasance and nonfeasance which resulted in the Arbitrator's Manifest Disregard of the Law which caused the rendition of an unjust, inequitable or

unconscionable award pursuant to 42 Pa.C.S.A.
§ 7341?

Appellant's brief at 13. For the ease of our discussion, we have elected to address appellant's first two claims together.

The crux of appellant's first claim is that the trial court lacked subject matter jurisdiction to transfer Defendants' respective counterclaims to arbitration. (Appellant's brief at 37.) In support of this contention, appellant maintains that the Incorporation Agreement is the only contract between the parties that contains an arbitration clause, and "nowhere in the four corners of [said agreement]" does it reference "[Defendants'] personal loans secured by Mortgages and Notes to [appellant]." (*Id.* at 32, 39-40.) Appellant further contends that the trial court lacked subject matter jurisdiction to transfer Defendants' counterclaims to arbitration because their mortgages and notes "were satisfied and legally estopped, thereby precluding [them] from binding private arbitration." (*Id.* at 41-45.) We disagree.

"Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." *Roman v. McGuire Mem'l*, 127 A.3d 26, 29 (Pa.Super. 2015), *appeal denied*, 134 A.3d 57 (Pa. 2016) (citation omitted). "Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary. Questions of law are subject to a *de novo* standard of review." *Robert*

***Half Int'l, Inc. v. Marlton Techs., Inc.***, 902 A.2d 519, 524-525 (Pa.Super. 2006) (citations omitted).

> The test of jurisdiction is whether the trial court is competent to hear and determine controversies of the general nature of the matter involved. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case. When there is no jurisdiction, there is no authority to pronounce judgment. Where a court lacks jurisdiction in a case, any judgment regarding the case is void.

***Roman***, 127 A.3d at 30 (citation omitted).

Instantly, appellant's complaint raised claims for professional negligence and breach of contract and/or implied covenant of good faith and fair dealing, which are both cognizable causes of action in the Court of Common Pleas of Lehigh County. (***See*** "Civil Action Complaint," 7/26/10 at 8-9, ¶¶ 41-49; ***see also*** 42 Pa.C.S.A § 931(a) (stating, "the courts of common pleas shall have unlimited original jurisdiction of **all actions and proceedings**, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." (emphasis added)).) As discussed, both of these causes of action arose out of the Incorporation Agreement executed in connection with the parties' joint business venture to develop a "gentleman's club." Paragraph 11 of the Incorporation Agreement explicitly provided that all disputes arising under the agreement were to be resolved in arbitration:

> This Agreement shall be interpreted under the laws of Pennsylvania and venue shall be in Lehigh County for any dispute arising hereunder. Because of the confidential nature of this Agreement, **the parties hereto waive Court enforcement hereof and agree that a single arbitrator shall jointly be chosen in advance of any dispute to resolve any and all disputes between the parties hereto.**

Incorporation Agreement, 6/15/07 at ¶ 11 (emphasis added). Appellant does not allege that this agreement was amended or modified by any subsequent oral or written contracts between the parties.

Defendants, in turn, responded to appellant's complaint by filing counterclaims to recover the money that they loaned appellant so that he was able to join the business venture detailed in the Incorporation Agreement. Appellant's contention on appeal that these counterclaims are not part of the subject matter of this dispute, and thus, the trial court does not possess the jurisdiction to transfer them to arbitration, is both disingenuous and entirely devoid of reason. Clearly, the proceeds of the $85,000 and $100,000 loans that the Defendants made to appellant were inextricably intertwined with the capitalization and performance of the parties' obligations set forth in the Incorporation Agreement.

Additionally, we find that the trial court's jurisdiction to transfer these counterclaims is not thwarted by the fact that each Defendant executed a "satisfaction piece" on the underlying mortgages. Irrespective of this fact, the record is clear that no actual monetary payment has ever been made to satisfy either obligation, and thus, the defense of accord and satisfaction

was not applicable in this matter. In his decision and award, Arbitrator Hof found that:

> Each Defendant has alleged that the underlying debt remains unpaid and that [appellant] has never asserted that payment was made. . . . Substantively, [appellant] has failed to rebut the evidence presented by each Defendant that [he] was obligated under each note.
>
> . . . .
>
> All parties agree that the underlying debt obligations were not paid. Regardless of the motivation of each Defendant to file satisfaction pieces, the mortgages were satisfied because of reasons that do not include payment of the underlying obligation. The note remains a viable option entitling each Defendant to payment in full, together with interest as set forth in the note.

Decision and Award of Arbitrator, 5/30/14 at 7-9.

Appellant now avers that "the Mortgages and Notes were satisfied by agreement between the parties in which [appellant] would return and redeem the 25% shares in [the company] to [Defendants] in exchange for the executed Mortgage Satisfaction Pieces[.]" (Appellant's reply brief at 2.) However, Arbitrator Hof clearly found no evidence in the record to support this contention. It is well settled that, "[n]either we nor the trial court may retry the issues addressed in arbitration or review the tribunal's disposition of the merits of the case." *F.J. Busse Co. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 811 (Pa.Super. 2005), *appeal denied*, 587 Pa. 694 (Pa. 2006) (citation omitted). Accordingly, for all the foregoing reasons, we conclude

that the trial court possessed the subject matter jurisdiction to transfer all of the aforementioned claims to arbitration. Appellant's assertions to the contrary must fail.

Appellant next argues that the arbitration award should be vacated because Arbitrator Hof "committed fraud, misconduct, corruption [and] other irregularit[ies]" which resulted in an "unjust, inequitable or unconscionable award pursuant to 42 Pa.C.S.A. § 7341." (Appellant's brief at 47-48.) In support of this contention, appellant baldly avers that Arbitrator Hof conspired with the defendants to utilize rescinded or outdated law; failed to disclose his professional and personal relationship with McGogney's defense counsel; permitted defendants to conceal evidence, forge documents, and procure false witness testimony from appellee; and "disregard[ed] the clear terms of the parties' contract." (*Id.* at 48-52.) These claims are belied by the record.

Preliminarily, we note that this case concerns a matter of common law arbitration, rather than statutory arbitration. *See* 42 Pa.C.S.A. § 7302(a) (stating, "[a]n agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute. . . .").

Our standard of review of common law arbitration is extremely limited:

> The award of an arbitrator in a [common law arbitration] is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. [A] trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law.

*Toll Naval Associates v. Chun-Fang Hsu*, 85 A.3d 521, 525 (Pa.Super. 2014) (citations and internal quotation marks omitted). Thus, this court may not interfere with a binding common law arbitration award unless fraud, misconduct, corruption, or another irregularity or impropriety in the arbitration process is affirmatively proven. *See* 42 Pa.C.S.A. § 7341.

In the instant matter, our review reveals that appellant has failed to demonstrate that the trial court abused its discretion in confirming the May 30, 2014 arbitration award entered in favor of the Defendants. The majority of appellant's assertions pertain to alleged mistakes of law or fact on the part of Arbitrator Hof, and as we explained, "an arbitration award is not subject to reversal for a mistake of either." *Toll Naval Associates*, 85 A.3d at 525. Moreover, we agree with the trial court's conclusions that appellant has failed to present competent evidence to support his conclusion that Arbitrator Hof committed fraud, misconduct or an irregularity. As the trial court reasoned in its opinion:

- 12 -

> [Appellant] also avers that Arbitrator Hof was guilty of misconduct. . . . [Appellant's] petition essentially contends that Arbitrator Hof conspired with Defendant McGogney and Attorney James Huber, Defendant Dippolito's former counsel, to present and rely on outdated case law and commit subornation of perjury.
>
> . . . .
>
> Neither [McGogney] nor [appellant] presented evidence in support of their respective allegation that establish to the required "clear, precise, indubitable" standard that either of them "was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." Each of them presented their own conclusory characterization of the arbitration proceedings; neither [appellant nor McGogney] presented competent evidence to support their conclusions.

Trial court opinion, 6/18/15 at 2-3 (quotation marks in original).

Here, appellant's brief includes nothing more than baseless accusations and innuendo of Arbitrator Hof's purported misfeasance that is wholly unsupported by the record. In an appeal from a common law arbitration award, appellant alone "bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and **indubitable** evidence." ***Andrew v. CUNA Brokerage Services, Inc.***, 976 A.2d 496, 500 (Pa.Super. 2009) (emphasis added). Clearly, appellant has not satisfied his burden in this instance. Accordingly, his final claim of error must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/12/2016</u>