J-S73043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| PRINCE LAW OFFICES, P.C., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| MCCAUSLAND KEEN & BUCKMAN, | : | |
| MCNELLY & GOLDSTEIN, LLC & JON | : | |
| S. MIROWITZ, ESQUIRE, | : | |
| | : | |
| Appellees | : | No. 550 MDA 2017 |

Appeal from the Judgment Entered March 16, 2017
in the Court of Common Pleas of Berks County,
Civil Division, at No(s): 16-13520

| | | |
|---|---|---|
| PRINCE LAW OFFICES, P.C., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| MCCAUSLAND KEEN & BUCKMAN, | : | |
| MCNELLY & GOLDSTEIN, LLC & JON | : | |
| S. MIROWITZ, ESQUIRE, | : | |
| | : | |
| Appellees | : | No. 668 MDA 2017 |

Appeal from the Judgment Entered March 16, 2017
in the Court of Common Pleas of Berks County,
Civil Division, at No(s): 16-13520

BEFORE:  OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED DECEMBER 18, 2017**

Prince Law Offices, P.C. (Prince) appeals from the judgment entered in

favor of McCausland Keen & Buckman (MKB), McNelly & Goldstein, LLC (MG),

and Jon S. Mirowitz, Esquire (Appellees, collectively), after the trial court

---

* Retired Senior Judge assigned to the Superior Court

entered orders denying Prince's petition to vacate arbitration award and granting Appellees' petition to confirm the arbitration award. We affirm.

The trial court offered the following summary of the facts and procedural history of the case.

> [Prince] hired [Appellees] to assist in a class action lawsuit against the City of Philadelphia. Prince contracted with MKB, MG, and Mirowitz through an independent contractor fee sharing agreement which included, among other things, terms of compensation and a provision requiring that disputes be resolved by arbitration in accordance with the rules of the American Arbitration Association.
>
> After the underlying Philadelphia lawsuit was settled, a dispute arose between Prince and MKB, MG, and Mirowitz over the proper allocation of legal fees as a result of the respective law firms' efforts in prosecuting the action. The dispute was submitted to arbitration on November 14, 2014. Arbitrator Harry T. Mondoil was selected to preside over a two[-]day in-person arbitration and entered a partial final award on February 18, 2016 in favor of MKB, MG, and Mirowitz, but left open the issues of allocation of attorneys' fees and arbitration fees/compensation incurred directly as a result of the arbitration process. A final award was made on May 16, 2016[,] awarding a portion of the requested attorneys' fees and costs, administrative fees and arbitrator compensation to MKB, MG, and Mirowitz.
>
> Prince filed a petition to vacate arbitration award in the Court of Common Pleas of Berks County on June 10, 2016[,] and MKB, MG, and Mirowitz filed a cross petition to confirm arbitration award on June 28, 2016. After argument held before this Court on February 21, 2017, the court issued two orders: the first on February 24, 2017, denying the petition to vacate arbitration award and the second on March 10, 2017, granting the petition to confirm arbitration award.

Trial Court Opinion (TCO), 5/25/2017, at 2-3 (unnecessary capitalization omitted).

After judgment was entered on March 16, 2017, Prince timely filed appeals challenging both the order denying his petition to vacate and the order granting Appellees' petition to confirm.[1]  Both Prince and the trial court complied with Pa.R.A.P. 1925.  Prince presents the following question for our consideration.

> Whether the [trial c]ourt erred in failing to vacate the arbitration award and in confirming the arbitration award in that [Prince] did demonstrate sufficient irregularities as detailed in its petition including but not limited to:
>
>> a. The lack of explanation from the arbitrator as to the basis of the determination[,]
>>
>> b. The lack of calculations by the arbitrator to even enable the parties to determine whether the award was accurate, and
>>
>> c. The award of attorney's fees when Appellees were not wholly successful or justified in their claim.

Prince's Brief at 4.

The trial court and parties agree that this case involves common law, not statutory, arbitration.  TCO, 5/25/2017, at 4; Prince's Brief at 14; Appellees' Brief at 1.  Thus, the following principles apply.  "A trial court order

---

[1] The trial court states that Prince's second appeal should be quashed as untimely filed.  TCO, 5/25/2017, at 3.  We disagree.  "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b).  In this case, a March 15, 2017 docket entry indicates "236 Notice mailed 3/16/17."  Whether March 15 or March 16 is the operative date for calculating the commencement of the 30-day appeal period, the appeal was timely filed on Monday, April 17, 2017, because Friday, April 14, 2017, was a court holiday.

- 3 -

confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law." ***Toll Naval Associates v. Chun-Fang Hsu***, 85 A.3d 521, 525 (Pa. Super. 2014) (citation and quotation marks omitted).

"The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either." ***Id.*** Rather, "mistakes of judgment and mistakes of either fact or law are among the contingencies parties assume when they submit disputes to arbitrators." ***Allstate Ins. Co. v. Fioravanti***, 299 A.2d 585, 589 (Pa. 1973). Therefore, "[t]he award of an arbitrator … is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." ***Toll Naval Associates***, 85 A.3d at 525. "In this context, irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself." ***McKenna v. Sosso***, 745 A.2d 1, 4 (Pa. Super. 1999) (internal quotation marks and citation omitted). "[A]n irregularity will not be found simply upon a showing that an incorrect result was reached." ***Duquesne Light Co. v. New Warwick Min. Co.***, 660 A.2d 1341, 1347 (Pa. Super. 1995).

For example, this Court has found irregularities rising to the level of the denial of a fair hearing where the arbitrators: exceeded the scope of the arbitration agreement, ***Ginther v. U.S. Fid. & Guar. Co.***, 632 A.2d 333, 335 (Pa. Super. 1993); made an award for claims that were never raised, ***Mellon***

*v. Travelers Ins. Co.*, 406 A.2d 759, 762 (Pa. Super. 1979), or for claims that were not raised against the party against whom they were awarded, *Alaia v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 928 A.2d 273, 277 (Pa. Super. 2007); and had an undisclosed, ongoing business relationship with one of the parties, *James D. Morrisey, Inc. v. Gross Const. Co.*, 443 A.2d 344, 349 (Pa. Super. 1982).

However, this Court has held that no irregularity warranting modification occurred where the allegations were that the arbitrators: applied the wrong state's law, *Racicot v. Erie Ins. Exch.*, 837 A.2d 496, 500 (Pa. Super. 2003); failed to award fees as provided by a relevant statute, *F.J. Busse Co. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 812 (Pa. Super. 2005); made an award contrary to a policy exclusion, *Hain v. Keystone Ins. Co.*, 326 A.2d 526, 528 (Pa. Super. 1974); and made an incorrect determination whether a person was an insured under a contract. *Prudential Prop. & Cas. Ins. Co. v. Stein*, 683 A.2d 683, 684 (Pa. Super. 1996).

In sum, "only claims which assert some impropriety in the arbitration process may be the subject [of] an appeal—to the exclusion of appeals which seek review of the merits." *Snyder v. Cress*, 791 A.2d 1198, 1201 (Pa. Super. 2002). "[N]either we nor the trial court may retry the issues addressed in an arbitration proceeding or review the tribunal's disposition of the merits of the case." *F.J. Busse Co.*, 879 A.2d at 811.

The trial court analyzed Prince's claims as follows.

Prince's first alleged irregularity is that the arbitrator did not explain the basis of his determination in awarding compensation and fees/costs to MKB, MG, and Mirowitz. The scheduling and procedure order no. 2 from the arbitrator states that "the award shall be in the form of a standard award, except that it shall include findings setting forth for each party a calculation of the party's number of compensable hours multiplied by the party's hourly rate." In the independent contractor fee sharing agreement entered into by Prince and MKB, MG, and Mirowitz, the parties agreed that any unresolved disputes would be submitted to arbitration in Berks County before one arbitrator in accordance with the rules of the American Arbitration Association (AAA). Under the rules of the AAA, "the arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate." Thus, there was no requirement for the arbitrator to provide a reasoned award because the parties had agreed to a standard award plus a calculation of hours and rates.

Prince's second alleged irregularity is that the arbitrator did not include calculations in the award to enable the parties to determine whether the award was accurate. According to the scheduling and procedure order no. 2, the arbitrator was to include in his award "findings setting forth for each party a calculation of the party's number of compensable hours multiplied by the party's hourly rate." Although Prince claims that the arbitrator failed to do this, the arbitrator's partial final award clearly contains several pages of calculations of each party's billable hours, multiplied by the party's hourly rate, applying credit for sums already paid.

Prince's third alleged irregularity is that the arbitrator awarded attorneys' fees to MKB, MG, and Mirowitz when they weren't successful or justified in their arbitration claim. In the independent contractor fee sharing agreement it is clearly stated that "the arbitrator may assess costs, including counsel fees, in such manner as the arbitrator deems fair and equitable." There is no provision requiring total victory. The arbitrator ultimately decided that the claimants MKB, MG, and Mirowitz were the prevailing parties, and were entitled to a monetary award of over $200,000 on their underlying claim. Claims that MKB, MG, and Mirowitz were not wholly successful or justified in their claim are not supported by the contractual "fair and equitable" standard. As

> it is clear to [the trial] court that MKB, MG, and Mirowitz were the prevailing parties, it was neither unfair nor inequitable for the arbitrator to award them attorneys' fees and other costs associated with the arbitration.

TCO, 5/25/2017, at 4-6 (citations and unnecessary capitalization omitted).

We discern no error or abuse of discretion in the trial court's determination. Prince's arguments before this court are (1) that the arbitrator "failed to apply binding precedent," Prince's Brief at 21, 26, 31; (2) that the arbitrator miscalculated the amount of time to which the respective parties were entitled, *id.* at 27-37; and (3) that the arbitrator made legal and factual errors in awarding counsel fees to Appellees, *id.* at 37-40. None of these claims identifies a fundamental flaw in the process that deprived Prince of a fair hearing; rather, Prince merely attempts to relitigate issues to show the wrong result was reached. No relief is due. ***See***, ***e.g.***, ***Duquesne Light Co.***, 660 A.2d at 1347 ("[M]istakes of judgment and mistakes of either fact or law are among the contingencies parties assume when they submit disputes to common law arbitration.").

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017