J. A12031/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| ALL STAR BUILDING, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDWARD THOMAS SCHMIDT, | : | No. 1639 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered October 18, 2018,
in the Court of Common Pleas of Westmoreland County
Civil Division at No. 4187 of 2018

BEFORE:  BENDER, P.J.E., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                FILED JULY 11, 2019

Edward Thomas Schmidt appeals from the October 18, 2018[1] order entered in the Court of Common Pleas of Westmoreland County denying his motion to vacate the arbitration award and granting All Star Building, Inc.'s petition to confirm the arbitration award in the amount of $49,124.79.  We affirm.

The trial court set forth the following factual and procedural history:

> The above-captioned case began as a breach of contract action instituted by All Star Building, Inc. (hereinafter referred to as "ASB") against [appellant]. The contract at issue was entered into between the parties on March 31, 2015 and addressed the construction of a residence in Jeannette,

---

[1] We note that appellant's notice of appeal states that this is an appeal of the order entered October 15, 2018.  The order, while dated October 15, 2018, was not entered until October 18, 2018.  The caption has been amended to reflect the date the order was entered.

Pennsylvania. According to the claim raised by ASB, [appellant] breached the contract because he moved into the constructed residence prior to substantial completion, but failed to pay the remaining balance immediately upon doing so, as required under the contract. As a result of the alleged breach, ASB sought $88,031 in damages. [Appellant] counter-claimed, arguing that ASB's failure to obtain a building permit before beginning construction was a breach of the contract that occurred prior to any potential breach on his part, which then relieved him of any obligation to perform on the contract. As a result of the alleged breach, [appellant] sought damages in an amount exceeding $120,000.

In accordance with the terms of the contract, the parties' claims were submitted to binding arbitration pursuant to the American Arbitration Association under the Construction Industry Arbitration Rules. Arbitration hearings were held January 22, 2018 to January 25, 2018 and on January 30, 2018. On August 16, 2018, the Arbitrator rendered a decision granting ASB $88,031 on its contract claim plus interest and granting [appellant] $45,067.17 on his counterclaim.

The matter first came before this Court on [appellant's] Motion to Vacate Arbitration Award Pursuant to 42 Pa.C.S.A. §7342(b), which was filed on September 17, 2018. [Appellant] argued that this Court should vacate the Arbitrator's decision because it was based on an irregularity that led to an unjust, inequitable and unconscionable result. According to [appellant], the irregularity existed because the Arbitrator ignored ASB's illegal construction, which preceded any breach that may be attributed to [appellant], and as a result the Arbitrator's award enforced the illegal performance of a contract, which is unjust, inequitable and unconscionable. In response to said motion, ASB filed a Petition to Confirm Arbitration Award, arguing that [appellant] failed to establish an irregularity in the Arbitrator's process itself to justify this Court in vacating the

award, and asking this Court to enter judgment in its favor.

Counsel for both parties appeared for oral argument on the matter, and this Court entered an Order on October 15, 2018 denying [appellant's] Motion to Vacate Arbitration Award pursuant to 42 Pa.C.S.A §7342(b) and granting ASB's Petition to Confirm Arbitration Award.

In accordance with the Rules of Appellate Procedure, [appellant] then filed a Notice of Appeal on November 14, 2018. The Court immediately requested a Concise Statement of Errors Complained of on Appeal in accordance with Pa.R.A.P. 1925(b). On December 19, 2018, [appellant] served this Court with said statement, alleging seven errors of this Court in reaching its October 15, 2018 Order, including that this Court erred by determining that the record provided was insufficient to make a determination as to whether the process employed by the arbitrator contained an irregularity and in determining that [appellant] failed to meet his burden to show that the process employed by the Arbitrator contained an irregularity. The following is this Court's [Rule 1925(a)] Opinion in support of the October 15, 2018 Order of Court.

Trial court opinion, 1/3/19 at 1-3.

Appellant raises the following issues for our review:

(1)    Whether the Court erred by confirming and refusing to vacate the Arbitrator's Award by determining that the record was insufficient to make a determination as to whether the process employed by the Arbitrator contained an irregularity[?]

(2)    Whether the Court erred by determining the evidence submitted by Appellant suggested at most [an] error of law occurred, thus not subjecting the arbitration award to reversal[?]

- 3 -

> (3) Whether the Court erred by granting [ASB's] Petition to Confirm Arbitration Award, which was a violation of public policy as it enforced the illegal performance of a contract[?]

Appellant's brief at 4.

Preliminarily, we note that this case involves a matter of common law arbitration because the agreement between the parties does not expressly provide for statutory arbitration. See 42 Pa.C.S.A. § 7302(a) (stating, "[a]n agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter [(Subchapter A – Statutory Arbitration)] or any other similar statute . . . .").

> Our standard of review of common law arbitration is very limited:
>
>> The award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.
>
> The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. A trial court order confirming a common law arbitration award will be

> reversed only for an abuse of discretion or an error of law.

U.S. Claims, Inc. v. Dougherty, 914 A.2d 874, 876-877 (Pa.Super. 2006) (citations, internal quotation marks, parentheses, and brackets omitted), appeal denied, 928 A.2d 1291 (Pa. 2007). See also 42 Pa.C.S.A. § 7341 (stating that, an award in a common law, nonjudicial arbitration "is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."). "The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence." Toll Naval Associates v. Chun-Fang Hsu, 85 A.3d 521, 525 (Pa.Super. 2014) (citations and internal quotation marks omitted).

> In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself. A cognizable irregularity may appear in the conduct of either the arbitrators or the parties. Our Supreme Court has stated that the phrase "other irregularity" in the process employed imports "such bad faith, ignorance of the law and indifference to the justice of the result" as would cause a court to vacate an arbitration award.

Id. at 529, citing Allstate Ins. Co. v. Fioravanti, 299 A.2d 585, 589 (Pa. 1973).

Here, appellant first claims the trial court erred when it concluded that there was insufficient evidence to find that an irregularity in the process employed by the arbitrator had occurred and that the trial court, therefore,

had no legal basis to vacate the arbitration award. (Appellant's brief at 9, 11.) Appellant argues that the deposition transcript of Michael Stack, the chief building inspector for Penn Township, was sufficient evidence of the "the enforcement of illegal performance of a contract" which, appellant claims, was the irregularity in the process employed by the arbitrator. (Id.)

The trial court explained that:

> [t]he hearings held before the Arbitrator were not transcribed. In addition, the decision of the Arbitrator did not include an Opinion supporting the award of damages, and no explanation was provided by the Arbitrator as to how the decision made was reached.
>
> . . . . [T]he record provided to this Court did nothing to show the process employed by the Arbitrator in reaching her result. Without a transcript of the hearings, this Court could not compare the deposition testimony of Michael Stack to witnesses heard by the Arbitrator at the hearing. Without a reasoned decision from the Arbitrator, this Court had no knowledge of how the Arbitrator weighed the credibility of Michael Stack in comparison to other witnesses, no knowledge of how the Arbitrator made her findings of fact and conclusions of law, and no knowledge as to how the testimony and evidence presented before her affected her determination as to whether or not the contract was performed illegally in contravention of public policy. Instead, the evidence provided merely showed the Arbitrator's break down of how the damages were awarded to each party.

Trial court opinion, 1/3/19 at 4 (footnote omitted).

The trial court did not abuse its discretion in concluding that without a written opinion or a hearing transcript, there was insufficient evidence to determine whether an irregularity in the process had occurred. Appellant has

failed to meet his burden of presenting clear, precise, and indubitable evidence that an irregularity occurred in the process employed by the arbitrator. Consequently, appellant's claim fails.

In his second and third issues, appellant claims that the trial court's refusal to vacate the arbitration award resulted in the enforcement of an illegal contract and a violation of public policy. (Appellant's brief at 12-22.) We agree with the trial court's conclusion that without a reasoned decision by the arbitrator or a transcript of the hearing, there is "no knowledge of how the testimony and evidence presented before [the arbitrator] affected her determination as to whether or not the contract was performed illegally in contravention of public policy." (Trial court opinion, 1/3/19 at 4.) Appellant's claims, therefore, lack merit.

Consequently, we discern no error of law or abuse of discretion in the trial court's confirmation of the arbitrator's award.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: _7/11/2019_